T.C. Memo. 1996-80


UNITED STATES TAX COURT


TATE & LYLE, INC. AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 26352-93, 16170-94.    Filed February 26, 1996.


<u>Henry B. Miller</u>, for petitioner.

<u>Darrell C. Weaver</u>, for respondent.



MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  These cases were assigned pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]    These cases are before the Court on

---

[1] All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's Motion for Leave to File Amendment to Answer filed in each docket.

Background

Tate & Lyle, Inc. (petitioner), is the common parent of a consolidated group of corporations including A.E. Staley Manufacturing Co. At the time the petitions were filed in these cases, petitioner maintained its principal place of business in Wilmington, Delaware.

Docket No. 26352-93

On September 15, 1993, respondent issued a statutory notice of deficiency to petitioner (and its subsidiaries) determining a deficiency of $1,718,143 in its Federal income tax for the taxable year ended September 30, 1989. A review of the notice of deficiency shows that respondent determined the deficiency after making a number of adjustments to petitioner's items of income and expense and after allowing petitioner certain credits, including the general business credit provided by section 38. Respondent computed petitioner's general business credit on the assumption that petitioner is entitled to a general business credit carryover of $18,944,258 from its taxable year ended September 30, 1988.

Petitioner invoked this Court's jurisdiction by filing a timely petition for redetermination on December 14, 1993, assigned docket No. 26352-93. Although the petition includes an allegation that respondent erred in computing the amount of

petitioner's general business credit, it is clear from the context that petitioner raised the issue as a purely computational matter. Respondent filed her answer to the petition on January 31, 1994, including therein a general admission that the computation of petitioner's general business credit is dependent upon the resolution of the substantive issues in dispute.

By notice dated May 26, 1994, this case was calendared for trial to be held in Washington, D.C., on October 31, 1994. On June 30, 1994, the parties filed a Joint Motion for Continuance stating that one of the central issues in dispute would be resolved consistent with the Court's final decision in docket No. 740-92 (Tate & Lyle, Inc. v. Commissioner, 103 T.C. 656 (1994), on appeal (3d Cir., May 9, 1995)), and that the parties desired additional time to attempt to settle the remaining issues without a trial. The parties' motion was granted on July 5, 1994.

By notice dated September 29, 1994, this case was again calendared for trial to be held in Washington, D.C., on March 6, 1995. On February 3, 1995, the parties filed a Joint Motion for Continuance along with a Stipulation of Settled Issues. In their Joint Motion for Continuance, the parties reported that: (1) although the Court had issued its opinion in docket No. 740-92, Tate & Lyle, Inc. v. Commissioner, supra, respondent was contemplating filing an appeal in the case; and (2) the parties had reached a settlement with respect to all but one of the

remaining issues as reflected in their Stipulation of Settled Issues.[2]  The parties' motion was granted February 6, 1995.

In late February 1995, respondent discovered that she may have erred in allowing petitioner a general business credit for the taxable period ended September 30, 1989.[3]  Counsel for respondent first mentioned the matter of the correct computation of petitioner's general business credit to counsel for petitioner in a letter dated March 22, 1995, concerning petitioner's taxable year ended September 30, 1990.  Counsel for petitioner was formally advised of respondent's position regarding the computation of petitioner's general business credit in this case by way of a letter dated June 1, 1995.  In that letter, respondent took the position that petitioner is not entitled to a general business credit for the taxable year ended September 30, 1989, on the ground that the $18,944,258 general business credit carryforward that respondent originally used in computing petitioner's credit is subject to the separate return limitation

---

[2]  The sole unresolved issue is identified as the amount, if any, of petitioner's foreign tax credit for its taxable year ended Sept. 30, 1989.  The parties explained that the amount of the credit was dependent upon a then unresolved computation as well as upon the determination of the correct amount of carryforwards and carrybacks from prior and subsequent years-- years at issue in docket No. 20225-92 (A.E. Staley Manufacturing Co. v. Commissioner, 105 T.C. 166 (1995)), and Tate & Lyle, Inc. v. Commissioner, docket No. 16169-94.

[3]  Respondent concedes that she was in possession of all the information necessary to compute properly petitioner's general business credit at the time that she issued the notice of deficiency in this case.

year (SRLY) provisions set forth in section 1.1502-3(c), Income Tax Regs.[4]  Petitioner was also informed of respondent's intention to raise the issue in this case by filing a motion for leave to file amendment to answer with the Court.  Counsel for petitioner responded by letter dated June 16, 1995, expressing disagreement with respondent's interpretation of the SRLY provisions.

By notice dated August 8, 1995, this case was again calendared for trial to be held in Washington, D.C., on January 16, 1996.

On September 25, 1995, approximately 21 months after the petition was filed in this case, respondent filed a Motion for Leave to File Amendment to Answer and lodged her Amendment to Answer with the Court.  In particular, respondent alleges that petitioner is not entitled to a general business credit for the taxable year ended September 30, 1989, and, in turn, that the deficiency in this case is increased by $1,627,100.

On the same date, the parties filed a Joint Motion for Continuance again stating that the trial of this case should be continued pending entry of a final decision in docket No. 740-92.

---

[4]  Respondent determined that the $18,944,258 general business credit carryforward that she originally used in computing petitioner's general business credit for the taxable period ended Sept. 30, 1989, originated as investment tax credit carryovers belonging to A.E. Staley Manufacturing Co. from taxable periods preceding the date that petitioner acquired A.E. Staley Manufacturing Co.

In addition, the parties' motion states that while petitioner opposes respondent's Motion for Leave to File Amendment to Answer, the parties nonetheless agree that resolution of the general business credit issue will not require a trial for submission of evidence.

Docket No. 16170-94

On June 9, 1994, respondent issued a statutory notice of deficiency to petitioner (and its subsidiaries) determining a deficiency of $4,253,661 in its Federal income tax for its taxable year ended September 30, 1990. A review of the notice of deficiency shows that respondent determined the deficiency after making a number of adjustments to petitioner's items of income and expense and after allowing petitioner certain credits, including the general business credit provided by section 38. Respondent computed petitioner's general business credit on the assumption that petitioner is entitled to a general business credit carryover of $17,526,965 from its taxable year ended September 30, 1989.

Petitioner invoked this Court's jurisdiction by filing a timely petition for redetermination on September 7, 1994, assigned docket No. 16170-94. Although the petition includes an allegation that respondent erred in computing the amount of petitioner's general business credit for the year in issue, it is clear from the context that petitioner raised the issue as a purely computational matter. Respondent filed her answer to the

petition on October 21, 1994, including therein a general admission that the computation of petitioner's general business credit is dependent upon the resolution of the substantive issues in dispute.

By notice dated January 13, 1995, this case was calendared for trial to be held in Washington, D.C., on June 19, 1995. In late February 1995, respondent discovered that she may have erred in allowing petitioner a general business credit for the taxable period ended September 30, 1990.[5] Counsel for respondent first mentioned the matter of the possible error in the computation of petitioner's general business credit for the taxable period ended September 30, 1990, in a letter to petitioner's counsel dated March 22, 1995.

On March 27, 1995, the parties filed a Joint Motion for Continuance stating that one of the issues in dispute would be resolved consistent with the Court's final decision in docket No. 740-92 (Tate & Lyle, Inc. v. Commissioner, 103 T.C. 656 (1994)), and that the parties desired additional time to attempt to settle the remaining issues without a trial. The Joint Motion for Continuance contains no mention of the general business credit issue. The parties' motion was granted on March 29, 1995.

---

[5] Respondent concedes that she was in possession of all the information necessary to properly compute petitioner's general business credit at the time that she issued the notice of deficiency in this case.

By notice dated August 8, 1995, this case again was calendared for trial to be held in Washington, D.C., on January 16, 1996.

On September 25, 1995, approximately 1 year after the petition was filed in this case, respondent filed a Motion for Leave to File Amendment to Answer and lodged her Amendment to Answer with the Court. As is the case in docket No. 26352-93, respondent seeks leave to allege that petitioner is not entitled to a general business credit for its taxable year ended September 30, 1990, on the ground that the general business credit carryforward that respondent originally used in computing petitioner's tax liability is subject to the SRLY provisions set forth in section 1.1502-3(c), Income Tax Regs. Consistent with these allegations, respondent asserts that the deficiency in this case is increased by $9,806,316.

On September 25, 1995, the parties filed a Joint Motion for Continuance again stating that the trial of this case should be continued pending entry of a final decision in docket No. 740-92. In addition, the parties' motion states that while petitioner opposes respondent's Motion for Leave to File Amendment to Answer, the parties nonetheless agree that resolution of the general business credit issue will not require a trial for submission of evidence. The parties' motion was granted September 28, 1995.

Petitioner's Opposition

Petitioner filed an opposition to respondent's Motion for Leave to File Amendment to Answer in both dockets.  Petitioner opposes respondent's motion in docket No. 26352-93 on the ground that respondent should not be permitted to raise a new issue after the parties have entered into a comprehensive settlement of all but one of the disputed issues.  Petitioner contends that--

> the prejudice * * * in this situation is clear. Petitioner would not have conceded the issues in this case in the same way had Petitioner known that Respondent would be trying to raise a substantial new issue * * *.

Petitioner's opposition to respondent's motion in docket No. 16170-94 (while less vigorous than petitioner's opposition in the earlier docket) is based on the proposition that allowing respondent to raise a new issue at this time will have the effect of subverting ongoing settlement efforts in the case.[6]

---

[6] These cases were called for hearing in Washington, D.C., on Dec. 6, 1995.  Counsel for both parties appeared at the hearing and presented argument on the pending motions.  During the hearing, the Court and counsel for petitioner had the following colloquy concerning petitioner's opposition to respondent's motion in docket No. 16170-94:

> MR. MILLER:  * * * With respect to your question about where the later docket stands, I think the prejudice is much less in the later docket than in the first one.  We have been negotiating with the IRS with an understanding that we were negotiating on all the issues in the later docket.  We have agreed to a number of issues.  We have not gotten to the point where we have agreed on all of the issues.  * * *

(continued...)

Respondent counters that petitioner will not be prejudiced by the granting of her motions on the ground that petitioner was aware of respondent's intention to seek leave to raise the issue at the time the parties filed their last Joint Motion for Continuance in both dockets. Respondent also maintains that, because neither case is presently calendared for trial,

---

[6](...continued)

> THE COURT: Given that difference, why should the Court not permit an amendment in * * * [docket No. 16170-94]?
>
> MR. MILLER: I view the settlement process as sort of like playing cards. You are turning one card over at a time. You are trying to find what is important to the other side, what they have flexibility on, what the IRS national office is controlling that you know you can't do anything with, and it is sort of a process of feeling out while not showing all of your cards.
>
> The prejudice in * * * [docket No. 26352-93] is that we put out all of our cards. I thought the game was over, and suddenly the government pulled an ace from their pocket. * * * [In docket No. 16170-94] we have shown some of our cards. Once you have shown them, you can't ever put them back in your pocket. So the prejudice really is that we have begun the negotiations and we have conceded certain things going towards settling all the issues.
>
> As I say, Your Honor, I think the prejudice is a lot less in that. I am not as troubled by the government being able to raise the issue in the latter docket as I would be troubled if the Court allows the government to raise it in the earlier docket. The taxpayer paid for that certainty in the earlier docket. They gave up a number of issues and hundreds of thousands of dollars in order to get that settlement.
>
> * * * * * * *

petitioner will have ample opportunity to prepare to try the new issue.

<u>Discussion</u>

Section 6214(a) provides that this Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount determined by the Commissioner in the notice of deficiency mailed to the taxpayer if the Commissioner asserts a claim therefor at or before the hearing or a rehearing. Consistent with the general mandate of section 6214(a), this Court generally will only exercise its jurisdiction over an increased deficiency where the matter is properly pleaded. See <u>Markwardt v. Commissioner</u>, 64 T.C. 989, 997 (1975), and cases cited therein.

Rule 41(a) states in relevant part that a pleading to which no responsive pleading is permitted may be amended at any time within 30 days after it is served if the case has not yet been placed on a trial calendar. Otherwise, the pleading may be amended only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires. The Commissioner bears the burden of proof in respect of any increases in deficiency. Rule 142(a).

Respondent did not make a determination that the SRLY provisions would reduce or eliminate the amount of petitioner's general business credits during the examination period, nor was

the matter raised in either of the deficiency notices mailed to petitioner.  The matter likewise was not placed in dispute in either of the petitions filed herein or in respondent's answers thereto.[7]  As a consequence, respondent may only raise the issue of the correct amount of petitioner's general business credits for the years in issue by obtaining leave to file an amendment to her answer pursuant to Rule 41(a).

Whether leave will be granted to file an amendment to answer is a question falling within the sound discretion of the Court, and the disposition of such a motion turns largely on whether the matter is raised in a timely fashion so as not to prejudice the taxpayer.  <u>Waterman v. Commissioner</u>, 91 T.C. 344, 349-350 (1988); <u>Ross Glove Co. v. Commissioner</u>, 60 T.C. 569, 595 (1973).

Upon due consideration of the matter, we shall deny respondent's Motion for Leave to File Amendment to Answer filed in docket No. 26352-93.  As previously mentioned, approximately 21 months passed between the filing of the petition in this case and the filing of respondent's Motion for Leave to File Amendment to Answer.  It was during this period that the parties filed a stipulation of settled issues with the Court resolving the vast majority of the issues then in dispute in docket No. 26352-93. As we see it, the stipulation of settled issues, like a contract,

---

[7]  Nor did respondent seek to amend within 30 days after service of her respective answers.  Rule 41(a).

reflects the parties' bargained-for exchange--each of the parties made concessions in the course of arriving at the settlement. See Saigh v. Commissioner, 26 T.C. 171, 177 (1956); Applestein v. Commissioner, T.C. Memo. 1989-42. Considering all the circumstances, it seems inescapable that to grant respondent's pending motion would necessarily lead to the collapse of the stipulated settlement. Recognizing that respondent was in possession of all the facts necessary to raise the SRLY issue at the time the deficiency notice was issued in this case, and giving due regard to the policy favoring the settlement of cases brought before this Court, we are convinced that justice would best be served if respondent is precluded from raising a new issue at this time, and we so hold.

In contrast, we conclude that justice requires that we grant respondent's Motion for Leave to File Amendment to Answer filed in docket No. 16170-94. Although 1 year elapsed between the time of the filing of the petition in this case and the filing of respondent's Motion for Leave to File Amendment to Answer, the parties are in agreement that the general business credit issue is a legal issue that will not require a trial for submission of evidence. We also find it significant that, although the parties have engaged in settlement discussions in docket No. 16170-94, those discussions have not resulted in a settlement agreement in any form. This case is not presently calendared for trial.

Moreover, respondent will bear the burden of proof in respect of any increased deficiency.  Rule 142(a).  With these points in mind, we see no substantial prejudice to petitioner in allowing respondent to amend her answer at this time, and petitioner essentially concedes the same.  Accordingly, we shall grant respondent's Motion for Leave to File Amendment to Answer filed in docket No. 16170-94.

To reflect the foregoing,

<u>Appropriate orders will be issued</u>.