T.C. Memo. 1998-318



UNITED STATES TAX COURT



HOWARD E. CLENDENEN, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18155-96R.                    Filed September 3, 1998.


<u>Paul F. Christoffers</u>, for petitioner.

<u>Lawrence H. Ackerman</u>, for respondent.



MEMORANDUM OPINION


TANNENWALD, <u>Judge</u>:  This is an action for a declaratory

judgment regarding the qualification of petitioner's employee

stock ownership plan and trust.  On May 22, 1996, respondent

issued a final revocation letter to petitioner stating that the

Howard E. Clendenen, Inc. Employee Stock Ownership Plan (the

ESOP) failed to meet the requirements of section 401(a)[1] for the plan years beginning after June 30, 1985, and that its related trust (the trust) was not tax exempt under section 501(a) for those years.

The issue for decision is whether amounts contributed to the trust and allocated to one of the ESOP's participants exceed the limitations in section 415, thereby causing the trust not to constitute a qualified trust under section 401(a).

Background

Petitioner is a corporation with its principal place of business located in West Des Moines, Iowa, at the time of the filing of the petition in this case. It filed its Federal tax returns for the years in issue with the Internal Revenue Service Center in Kansas City, Missouri. Petitioner utilizes the accrual method of accounting with a fiscal year ending June 30 as its taxable year.

Petitioner was incorporated on July 15, 1983, and its principal business activity is insurance consulting. It is the employer and plan administrator with respect to the ESOP, a defined contribution plan. It established the ESOP and the trust on September 6, 1983, effective for plan years beginning on or

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

after July 15, 1983, and amended the ESOP effective June 30, 1985, and July 1, 1989. Petitioner received favorable determination letters with respect to the ESOP and trust dated December 8, 1983, March 24, 1986, and March 22, 1990. The plan year and limitation year of the ESOP and the trust are the fiscal year ending June 30.

The trust is and has been petitioner's sole shareholder since petitioner's incorporation. Petitioner issued shares of its stock to the trust in payment of the contributions to the trust and in exchange for cash.

Howard E. Clendenen (Mr. Clendenen) is and has been petitioner's president. On June 28, 1986, petitioner's board of directors resolved:

> That Howard E. Clendenen has advised the Corporation that he desires to forego [sic] one-half of his salary and bonuses for the fiscal year ended June 30, 1986 with the understanding that said one-half of his salary and bonuses shall be contributed to * * * [the trust]. It is further understood that this transaction shall be considered an employee contribution.

On June 29, 1987, petitioner's board passed a resolution identical to that of June 28, 1986, resolution except for the 1987 year.

The ESOP's records reflect the following contributions to the trust allocated to petitioner's employees as shown:

| Plan Year | Employee | Employer Contribution | Employee Contribution |
|-----------|----------|----------------------|----------------------|
| 1986 | Howard E. Clendenen | 0 | $17,029.38 |
| 1987 | Howard E. Clendenen | $ 9,000.00 | 30,000.00 |
| 1988 | Howard E. Clendenen | 0 | 0 |
| 1989 | Howard E. Clendenen | 11,250.00 | 0 |
| | Paul Clendenen | 1,949.82 | 0 |
| | 1989 total | 13,199.82 | 0 |
| 1990 | Howard E. Clendenen | 9,000.00 | 0 |
| | Paul Clendenen | 3,299.88 | 0 |
| | 1990 total | 12,299.88 | 0 |
| 1991 | Howard E. Clendenen | 8,250.00 | 0 |
| | Paul Clendenen | 3,975.00 | 0 |
| | 1991 total | 12,225.00 | 0 |

These contributions were reflected in the trust's Forms 5500-C Return/Report of Employee Benefit Plan for each of such years.

Petitioner reported the following expenditures on its U.S. Corporation Income Tax Returns:

| Year | Total Compensation of Officers | Salaries and Wages | Pension, profit-sharing, etc., plans |
|------|-------------------------------|--------------------|--------------------------------------|
| 1986 | $34,058.76 | 0 | n/a |
| 1987 | 36,697.01 | 0 | $9,000.00 |
| 1988 | 0 | 0 | 0 |
| 1989 | 0 | $12,998.80 | 13,199.82 |
| 1990 | 0 | 21,999.20 | 12,299.88 |
| 1991 | 0 | 26,500.00 | 12,225.00 |

In addition, petitioner reported the following expenses under "Other Deductions":

| Year | Item | Amount |
|------|------|--------|
| 1987 | Sec. 401(k) bonuses | $30,000.00 |
| 1989 | Commission expenses | 75,000.00 |
| 1990 | Bonuses | 60,000.00 |
| 1991 | Commissions | 41,660.28 |
|      | Bonuses | 55,000.00 |

For the calendar years 1986 and 1987, Mr. Clendenen filed joint U.S. Individual Income Tax Returns.  For 1988 through 1991, he filed his returns with a filing status of single.[2]  Mr. Clendenen's returns reflect the following:

| Year | Wages, Salaries | Business Income | Type of Business |
|------|------|------|------|
| 1986 | $12,938 | 0 | |
| 1987 | 30,000 | 0 | |
| 1988 | 0 | 0 | |
| 1989 | 0 | $75,000 | Insurance consulting |
| 1990 | 0 | 60,000 | Consultant |
| 1991 | 0 | 55,000 | Consultant |

For the plan year ending June 30, 1986, and his taxable year ending December 31, 1986, Mr. Clendenen treated $17,029.38 as an elective deferral of compensation into the ESOP.

Discussion

Section 401(a)(16) provides:

A trust shall not constitute a qualified trust under
this section if the plan of which such trust is a part

---

[2]  Mr. Clendenen was divorced on Jan. 11, 1988.

provides for benefits or contributions which exceed the limitations of section 415.

Section 415(a)(1) provides that a trust which is part of a pension, profit-sharing, or stock bonus plan shall not constitute a qualified trust under section 401(a) if--

> (B) in the case of a defined contribution plan, contributions and other additions under the plan with respect to any participant for any taxable year exceed the limitation of subsection (c) * * * [.]

Section 415(c)(1) provides:

> Contributions and other additions with respect to a participant exceed the limitation of this subsection if, when expressed as an annual addition (within the meaning of paragraph (2)) to the participant's account, such annual addition is greater than the lesser of --
>
> (A) $30,000,[3] or
>
> (B) 25 percent of the participant's compensation.

Section 415(c)(2) provides that "annual addition" means the sum for any year of--

(A)  employer contributions,

---

[3]  Sec. 415(c)(1)(A) was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1106(a), 1106(i), 100 Stat. 2420, 2425, effective for years beginning after Dec. 31, 1986, to read "$30,000 (or, if greater, 1/4 of the dollar limitation [$90,000] in effect under subsection (b)(1)(A))".  It was further amended to eliminate the parenthetical language effective for years commencing after Dec. 31, 1994.  Uruguay Round Agreements Act, Pub. L. 103-465, sec. 732(b)(2), 108 Stat. 5005 (1994).

(B)  the lesser of--

(i) the amount of the employee contributions in excess of 6 percent of his compensation, or

(ii) one-half of the employee contributions,[4] and

(C) forfeitures.

The dispute in this case focuses on the amount of the contributions to the trust allocated to Mr. Clendenen.  The parties disagree as to what constitutes participant compensation and as to whether elective deferral amounts constitute employee or employer contributions.  It is petitioner's position that the amounts of elective deferrals are employee contributions and should be included in "participant's compensation".  Petitioner also asserts that "participant's compensation" includes amounts petitioner paid as commissions and bonuses to Mr. Clendenen as an independent contractor.  As a consequence, petitioner maintains that the limitations of section 415(c)(1) have not been exceeded with the result that the plan and trust were qualified during the years at issue.

Respondent asserts that the amounts of elective deferrals constitute employer, not employee, contributions and that these amounts and the commissions and bonuses do not constitute

---

[4]  Sec. 415(c)(2)(B) was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1106(e)(1), 1106(i), 100 Stat. 2424, 2425, for the years beginning after Dec. 31, 1986, to include the entire employee contribution in the computation of the annual addition.

"participant's compensation".  Such being the case, respondent contends that the limits of section 415(c)(1) were exceeded, and the plan and trust were not qualified during the years at issue.

Section 415(c)(3)(A) simply defines participant's compensation as "the compensation of the participant from the employer for the year."  However, section 402(a)(8) provides:

> For purposes of this title, contributions made by an employer on behalf of an employee to a trust which is a part of a qualified cash or deferred arrangement (as defined in section 401(k)(2)) shall not be treated as distributed or made available to the employee <u>nor as contributions made to the trust by the employee</u> merely because the arrangement includes provisions under which the employee has an election whether the contribution will be made to the trust or received by the employee in cash.  [Emphasis added.]

Also, section 1.415-2(d)(2)(i), Income Tax Regs.,[5] provides that compensation does not include "Contributions made by the employer to a plan of deferred compensation to the extent that, before the application of the section 415 limitations to that plan, the contributions are not includable in the gross income of the employee for the taxable year in which contributed." Furthermore, section 1.401(k)-1(a)(4)(ii), Income Tax Regs., provides:

> Except as provided in paragraph (f) of this section, [dealing with the correction of excess contributions] elective contributions under a qualified cash or deferred arrangement are treated as employer

---

[5]  This provision was renumbered as sec. 1.415-2(d)(3)(i), Income Tax Regs., effective for years after Jan. 1, 1987.  T.D. 8361, 1991-2 C.B. 310, 318.

contributions. Thus, for example, elective contributions are treated as employer contributions for purposes of sections 401(a) and 401(k), 402, 404, 409, 411, 412, 415, 416, and 417.

The issue in respect of elective deferrals has been before this Court under substantially identical circumstances. See Steel Balls, Inc. v. Commissioner, T.C. Memo. 1995-266, affd. without published opinion 89 F.3d 841 (8th Cir. 1996).[6] We rejected the same argument presented herein and concluded that respondent's position was clearly supported by the statute and regulations. We reach the same conclusion herein and hold that the elective deferrals are employer contributions and not included in "participant's compensation". Consequently, the amounts of the elective deferrals are included in annual additions.[7] Sec. 415(c)(2).

Petitioner also seeks to include in "participant's compensation" the amounts of the commissions or bonuses that

---

[6] The Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1434(a), 110 Stat. 1807, added sec. 415(c)(3)(D) which includes certain deferrals in participant's compensation, effective for years beginning after Dec. 31, 1997. This amendment does not apply to the instant case. We note, however, that the legislative history makes clear that Congress considered the provisions of the then-existing law as requiring the result reached herein and specifically intended to change the law for future years. H. Rept. 104-586 at 112 (1996), 1996-3 C.B. 331, 450; S. Rept. 104-281 at 80 (1996); H. Conf. Rept. 104-737 at 245-246 (1996), 1996-3 C.B. 741, 985-986.

[7] Since the years involving the elective deferrals are fiscal years ending June 30, 1986, and June 30, 1987, only a portion of the employee contributions would have been included. Sec. 415(c)(2)(B); see supra note 4.

petitioner paid Mr. Clendenen as an independent contractor for the years 1989 through 1991. Petitioner argues that Mr. Clendenen's compensation was his earned income as a self-employed person. Petitioner is correct that for a self-employed individual, "participant's compensation" is the participant's earned income. See sec. 415(c)(3)(B). What petitioner fails to recognize is that a sole proprietor is considered to be his own employer. Sec. 401(c)(4); sec. 1.401-10(e), Income Tax Regs. Mr. Clendenen, thus, had at least two employers during 1989, 1990, and 1991, himself and petitioner.

While an individual can be an employee with respect to more than one business or employer, each employer is considered separately and only the income the employee earns from the employer sponsoring the plan may be taken into account for purposes of that employer's plan. Sec. 415(c)(3)(A) (compensation "from the employer"); sec. 1.401-10(b), Income Tax Regs. Accordingly, section 1.415-2(d)(2)(i),[8] Income Tax Regs., provides:

> For purposes of applying the limitations of section 415, the term "compensation" includes * * * --
>
> (i) The employee's wages, salaries, fees for professional services, and other amounts received * * * for personal services actually rendered <u>in the course of employment with the employer maintaining the plan</u> to the extent that the amounts are includable in gross income * * * . [Emphasis added.]

---

[8] See <u>supra</u> note 5.

For purposes of petitioner's plan, Mr. Clendenen is covered as an employee of petitioner and thus, only with respect to the compensation received as petitioner's employee.  We do not dispute petitioner's argument that Mr. Clendenen was an officer of petitioner and that an officer is an employee.  But the fact of the matter is that petitioner adopted an arrangement whereby Mr. Clendenen was not compensated for whatever services he may have rendered as an officer-employee but for his services as an independent contractor.  We hold, therefore, that the amounts petitioner paid to Mr. Clendenen as an independent contractor are not includable in compensation.

We now determine whether the annual additions on behalf of Mr. Clendenen exceed the section 415(c) limits.  With the exception of 1988, for which the parties agree Mr. Clendenen's compensation was $0, the record is not clear as to the exact amounts of compensation paid to Mr. Clendenen.[9]  We need not make any findings with respect to the exact figures, however, for

---

[9]  The amounts deducted by petitioner as officer compensation on its returns for 1986 and 1987 do not match those reported by Mr. Clendenen on his individual returns.  While this could be due to the different tax years involved (year ending June 30 versus December 31), respondent, in the revocation letter and in his briefs, uses the lower figures appearing on Mr. Clendenen's returns due to lack of substantiation.  Petitioner does not address the difference for 1986, and for 1987, uses the lower figure in its brief.  For 1989 through 1991, respondent treats the amounts shown as salaries and wages on petitioner's corporate returns as compensation paid to Paul Clendenen.  Petitioner does not argue that these amounts were paid to Mr. Clendenen.

regardless of which amounts we use, the annual additions allocated to Mr. Clendenen during each of the plan years 1986, 1987, 1989, 1990, and 1991, exceed the section 415 limits. Petitioner has not argued or established that any corrective measures were taken to reduce these additions. See sec. 1.415-6(b)(6), Income Tax Regs.

We hold that the trust is not a qualified trust under section 401(a) beginning with the plan year 1986.

Decision will be entered for respondent.