# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-1770, 03-2241

_____

| | | |
|---|---|---|
| Howard E. Clendenen and | * | |
| Howard E. Clendenen, Inc., | * | |
| | * | |
| Appellants, | * | |
| | * | On Appeal from the United |
| v. | * | States Tax Court. |
| | * | |
| | * | |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 10, 2003

Filed: October 3, 2003

_____

Before LOKEN, Chief Judge, HEANEY and RICHARD S. ARNOLD, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Howard E. Clendenen and Howard E. Clendenen, Inc., his wholly owned
corporation, appeal decisions of the Tax Court[1] in favor of the Commissioner of
Internal Revenue. The Tax Court properly decided that the issues were controlled by
stipulations signed by the parties. The Tax Court's judgments are affirmed.

_____

[1]The Honorable Juan F. Vasquez, Judge.

I.

The Commissioner issued notices of deficiency to Clendenen and the corporation stating, among other things, that the corporation's Employee Stock Ownership Plan (ESOP) was disqualified for certain years under I.R.C. § 401(a). Both Clendenen and the corporation filed a petition with the Tax Court challenging the allegation that the ESOP was not qualified under the Internal Revenue Code. In each case, the parties filed a joint motion for continuance, and the corporation filed a separate declaratory-judgment action asking the Tax Court to declare that the ESOP was a qualified plan for the years at issue. The Tax Court granted the motions for continuance. Clendenen and the corporation each then filed a Stipulation of Settled Issues and a Stipulation to Be Bound making their petitions dependent upon the outcome of the corporation's declaratory-judgment action.

The declaratory-judgment action sought a determination that certain contributions made to the ESOP did not disqualify the ESOP under I.R.C. § 401 because the contributions did not exceed the limits imposed by I.R.C. § 415. The Tax Court found that the contributions "during each of the plan years 1986, 1987, 1989, 1990, and 1991, exceed the section 415 limits." Howard E. Clendenen, Inc., 76 T.C.M. (CCH) 394, 398 (1998). Thus, the ESOP was "not a qualified [plan] under section 401(a) beginning with the plan year 1986." Ibid. We affirmed. Howard E. Clendenen, Inc. v. Commissioner, 207 F.3d 1071 (8th Cir. 2000).

The Commissioner then moved in each of the cases that had been continued for entry of decision pursuant to Tax Court Rule 50, asking that the Tax Court enter a decision pursuant to the stipulations filed by the parties. Clendenen and the corporation opposed the motions, claiming that the stipulations were not dispositive of all issues in the cases.

The Tax Court construed the stipulations to mean that "all of the remaining issues in these cases shall be resolved on the same basis as those issues are finally resolved in the declaratory judgment." Howard E. Clendenen, 85 T.C.M. (CCH) 825, 827 (2003). We affirm.[2]

## II.

The parties filed Stipulations of Settled Issues and Stipulations to Be Bound in anticipation that the declaratory-judgment action would resolve all remaining issues in the cases. Tax Court Rule 91(e) provides that a stipulation is binding on the parties to the extent of its scope, and the court shall not "permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part," except in cases where justice so requires.

The Stipulations to Be Bound directly state "the above adjustments [referring to different paragraphs of the petitions] are the only remaining issues in dispute between the parties." The Stipulations to Be Bound further say that "the adjustments in respondents' notice of deficiency relating to the issues or items asserted in [various paragraphs] of the petition . . . shall be determined by the resolution of the qualified status of the [ESOP] in [the declaratory-judgment action]." The parties also agreed that "a decision shall be submitted in this case when the decision in [the declaratory-judgment action] (whether litigated or settled) becomes final . . .."

In the declaratory-judgment action, the Tax Court held that the contributions "during each of the plan years 1986, 1987, 1989, 1990, and 1991, exceed the section

---

[2]The Commissioner also argued that Clendenen's and the corporation's arguments were barred by collateral estoppel. In light of our decision that the stipulations were binding and resolved all relevant issues, we do not address this issue.

415 limits." <u>Howard E. Clendenen, Inc.</u>, 76 T.C.M. (CCH) 394, 398 (1998). We hold that Clendenen and the corporation are bound by the stipulations.

Affirmed.

_____