T.C. Memo. 2007-4

UNITED STATES TAX COURT

JEAN MATHIA AND ESTATE OF DOYLE V. MATHIA, DECEASED,
JEAN MATHIA, PERSONAL REPRESENTATIVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16483-05L.          Filed January 8, 2007.

<u>Mark W. Curnutte</u>, for petitioners.

<u>Ann L. Darnold</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's Motion for Relief From Stipulations pursuant to Rule 91(e)[1].

---

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner Jean Mathia resided in Grove, Oklahoma, when she petitioned this Court on her own behalf and as personal representative of the Estate of Doyle V. Mathia, her deceased husband. Doyle V. Mathia (Mr. Mathia) and petitioner were married and filed joint income tax returns for all relevant tax years. Mr. Mathia died on February 19, 2000.

Mr. Mathia was a limited partner in Greenwich Associates (Greenwich), a New York limited partnership subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648, for the relevant tax years. He owned an 8.484-percent limited partnership interest in Greenwich at all relevant times. Kevin Smith was the general partner and tax matters partner (the TMP) of Greenwich.[2]

On August 3, 1990, the Commissioner issued Greenwich a Notice of Final Partnership Administrative Adjustment for 1982 through 1984. The TMP timely filed a petition for review in this Court pursuant to section 6226 (the Greenwich litigation).[3] On

---

[2]Sec. 6224(c)(3) authorizes the tax matters partner of a partnership, as defined by the Code, to enter into a settlement agreement that is binding on all partners who are not notice partners or members of a notice group, i.e., those partners not entitled to notice of administrative proceedings with respect to the partnership.

[3]Docket No. 24102-90.

August 31, 2001, the parties submitted a decision document, which we filed as a Stipulation of Settlement Between the TMP and Respondent (the Greenwich settlement). On January 17, 2002, we entered an order and decision resolving the Greenwich litigation.

On January 27, 2003, respondent assessed against petitioners income tax deficiencies and interest attributable to the Greenwich settlement. On October 27, 2003, petitioners paid all of the tax, but not the interest, attributable to the Greenwich settlement. On February 6, 2004, petitioners mailed to respondent Forms 843, Claim for Refund and Request for Abatement (interest abatement claims), with respect to the accrued interest attributable to the Greenwich settlement.

On February 10, 2004, respondent issued to petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for 1982 through 1984, and petitioners timely requested a section 6330 hearing. On April 2, 2004, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for 1983 and 1984, and petitioners timely requested a section 6320 hearing. On April 7, 2004, respondent denied petitioners' interest abatement claims. On May 5, 2004, petitioners submitted a request to respondent's Appeals Office to review the denial of their interest abatement claims.

On August 5, 2005, respondent issued to petitioners a notice of determination with respect to the Notice of Intent to Levy and a second notice of determination with respect to the Notice of Federal Tax Lien Filing. On August 18, 2005, respondent issued a notice of final determination denying petitioner's interest abatement claims. Petitioners timely filed a petition contesting each of respondent's determinations. Petitioners contend that the period of limitations on assessment had expired before respondent had assessed petitioners' 1982-84 tax liabilities. Petitioners further contend that respondent improperly denied their interest abatement claims.

This case was scheduled for trial during the trial session of the Court beginning March 6, 2006, at Oklahoma City, Oklahoma. On March 6, 2006, the parties filed a Stipulation of Facts (Stipulation) and a Joint Motion for Leave to Submit Case Under Rule 122, which motion we granted that same day. The Stipulation, which was signed by both parties, contains 21 pages and states that "the parties agree to this Stipulation of Facts" and "All stipulated facts shall be conclusive." We established a posttrial briefing schedule that required the parties to submit their opening briefs on or before May 5, 2006.

On April 27, 2006, approximately 1 week before opening briefs were due, we had a conference call with the parties at the request of respondent's counsel. During that conference call,

respondent's counsel stated that she wanted to move for relief from two of the previously agreed stipulations because she believed that the stipulations were in error.  After ascertaining from petitioners' counsel that he objected to respondent's request for relief, we suspended the briefing schedule to permit respondent to file a motion for relief from the stipulations by order dated April 27, 2006.

On May 5, 2006, respondent filed a Motion for Relief from Stipulations (motion), requesting relief from paragraphs 22 and 34 of the Stipulation (the disputed stipulations) pursuant to Rule 91(e) but did not file a motion to vacate the March 6, 2006, order granting the parties' Joint Motion for Leave To Submit Case Under Rule 122 (March 6, 2006, order).[4]  Paragraph 22 of the Stipulation states that Mr. Mathia was not a notice partner or a member of a notice group of Greenwich.  Paragraph 34 of the Stipulation provides that Mr. Smith, as the TMP, had the authority to bind all of Greenwich's partners to the stipulation of settlement.  Respondent now contends that Mr. Mathia was a notice partner and, therefore, was not automatically bound by the stipulation of settlement under section 6224(c)(3).  Respondent

---

[4]Rule 91(e) provides that a stipulation shall be treated as a conclusive admission by the parties, "unless otherwise permitted by the Court or agreed upon by those parties."  Rule 91(e) also provides that "The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires."

moves for relief from the disputed stipulations because they "include legal conclusions which are erroneous" and "so that the record is consistent and accurate". On June 5, 2006, petitioners filed a response opposing the motion. Neither party requested a hearing on respondent's motion, and we are satisfied that a hearing is not necessary to rule on the motion.

### Discussion

The stipulation process is considered "the bedrock of Tax Court practice" and acts "as an aid to the more expeditious trial of cases". Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974). Stipulations eliminate burdensome and unnecessary discovery and result in "an orderly trial with a full and fair exposition of the facts." Teller v. Commissioner, T.C. Memo. 1992-402. Stipulations narrow controversies to their essential issues of dispute, Estate of Quirk v. Commissioner, 928 F.2d 751, 759 (6th Cir. 1991), affg. in part and remanding in part T.C. Memo. 1988-286, and materially assist a court in managing its caseload, see Stamos v. Commissioner, 87 T.C. 1451, 1456 (1986).

Generally, a stipulation of fact is binding on the parties, and the Court is bound to enforce it. Rule 91; Stamos v. Commissioner, supra at 1454. Rule 91(e) provides an exception by permitting relief from the binding effect of a stipulation where justice so requires. Courts generally enforce stipulations unless "manifest injustice" would result. Bokum v. Commissioner,

992 F.2d 1132, 1135-1136 (11th Cir. 1993), affg. 94 T.C. 126 (1990); Bail Bonds by Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir. 1987), affg. T.C. Memo. 1986-23; Clendenen v. Commissioner, T.C. Memo. 2003-32, affd. 345 F.3d 568 (8th Cir. 2003).

Given the importance of the stipulation process to this Court, our reluctance to relieve a party of a stipulation it negotiated and executed is understandable. Permitting challenges to otherwise binding stipulations of fact undermines the stipulation process and injects uncertainty into our litigation process, often after the record is closed. See, e.g., La. Land & Exploration Co. v. Commissioner, 90 T.C. 630, 649 (1988); Logsdon v. Commissioner, T.C. Memo. 1997-8 (relief from stipulation denied where the taxpayer sought to introduce evidence not in the record to support his motion and the Commissioner would be prejudiced by the lack of opportunity to develop the stipulated position at trial); Grasso v. Commissioner, T.C. Memo. 1994-479 (relief from stipulation denied when taxpayer contended for the first time in his posttrial brief that he mistakenly agreed to the stipulation). Although we have discretion to modify or set aside a stipulation of fact that is clearly contrary to the facts established by the record, Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989), we do not set aside a stipulation of fact that is consistent with the record simply because one party

claims the stipulation is erroneous, see Rule 91(e); <u>Logsdon v. Commissioner</u>, <u>supra</u>.

Respondent argues that the disputed stipulations contain erroneous legal conclusions and requests that we remove them. Although we are not bound by stipulations of law, see <u>Bokum v. Commissioner</u>, 94 T.C. at 143, respondent's argument fails to acknowledge that stipulations of law may bind the parties to the stipulation as a matter of contract law, see <u>Stamos v. Commissioner</u>, <u>supra</u> at 1455. In <u>Estate of Quirk v. Commissioner</u>, <u>supra</u> at 759, the Court of Appeals for the Sixth Circuit explained that the stipulation process allows the parties to concede both factual and legal issues that they might otherwise have litigated, noting that "In fact, narrowing disputes to the essential disputed issues is the primary function of stipulations." A court is not <u>required</u> to relieve a party from erroneous stipulations of law, particularly when the stipulation is part of a negotiated settlement. See, e.g., <u>Stanley v. Commissioner</u>, T.C. Memo. 1991-20.

We also disagree with respondent's characterization of the disputed stipulations as containing stipulations of law. At most, the stipulations in question contain mixed statements of fact and law. As petitioners point out in their response opposing respondent's motion,

> even if the Court determines that stipulations 22 and
> 34 do "include legal conclusions" as asserted by

> Respondent, this should not be a basis for relief for
> Respondent, because at most, stipulation[s] 22 and 34
> are applications of law to fact, which is expressly
> permitted under Tax Court Rule 91(a).

The truth of petitioners' statement can be seen by examining the disputed stipulations.

Stipulation 22 provides that "Neither the Petitioner nor Doyle V. Mathia, deceased, was a notice partner in Greenwich or a member of a notice group as described in I.R.C. §6223(b)(2)." Stipulation 34 provides that "At all times relevant to the pending matter, Smith possessed the authority to bind both Greenwich and all of its partners, including Doyle V. Mathia, deceased, to a settlement agreement with the Respondent." Implicit in each of the stipulations is a set of facts and the application of law to those facts. Stipulation 22 refers to "notice partner" and "notice group", two terms that are defined by sections 6231(a)(8) and 6223(b)(2), respectively. Section 6231(a)(8) defines a notice partner as "a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof)." Section 6223 provides the rules governing when and how notices of the beginning and completion of administrative partnership-level proceedings must be given by the Secretary to the partners. Section 6223(b) provides a special notice rule for partnerships with more than 100 partners. Section 6223(b)(2) requires the Secretary to give the notice

required by section 6223(a) to a notice group defined as "a group of partners in the aggregate having a 5 percent or more interest in the profits of a partnership" if the notice group has requested such notice and designated one of its members to receive the notice. In order to find that Mr. Mathia and/or petitioner were members of a notice group, the record would have to contain evidence that Greenwich was a partnership with more than 100 partners, that a notice group was properly formed and that petitioner and Mr. Mathia were members of it, and that a member of the notice group was properly and timely designated in accordance with section 6223(b)(2) and applicable regulations. In order to enable us to find that petitioner and/or Mr. Mathia were notice partners, the record would have to establish they were entitled to notice under section 6223(a) without regard to the provisions of section 6223(b)(2) (dealing with notice to a notice group involving a partnership of more than 100 partners) and section 6223(e)(1)(B) (dealing with the effect of the Secretary's failure to give notice involving a partnership of more than 100 partners). Petitioner and/or Mr. Mathia would be entitled to notice only if their names and addresses, as well as information sufficient to enable the Secretary to determine that they were entitled to receive notice under section 6223(a), had been furnished timely to the Secretary.

The above discussion illustrates the heart of the problem presented by respondent's motion.  At the present time, this case is fully stipulated under Rule 122.  If respondent's motion were granted, this Court's March 6, 2006, order directing that this case proceed as a fully stipulated case would have to be vacated, a period for discovery related to the disputed stipulations would have to be set, and a trial, in all likelihood, would have to be held to develop the facts regarding whether the TMP had the authority, on the date he executed the stipulation of settlement, to bind all of Greenwich's partners to the Greenwich settlement. Respondent has not requested that the Court's March 6, 2006, order be vacated.  However, petitioners dispute respondent's factual allegations in support of his motion, and, as a matter of fundamental fairness, petitioners would be entitled to a trial.

By submitting this case fully stipulated pursuant to Rule 122, the parties waived their respective rights to introduce evidence at trial.  Granting respondent relief from the disputed stipulations would undoubtedly prejudice petitioners, because petitioners can no longer introduce evidence supporting those stipulations absent an order vacating our March 6, 2006, order and setting this case for trial.  See Korangy v. Commissioner, T.C. Memo. 1989-2, affd. 893 F.2d 69 (4th Cir. 1990).

If we grant respondent's motion, we would be compelled to set this case for trial, and the parties would have to expend

considerable time and effort developing and presenting evidence on the issue of whether Mr. Mathia was bound by the TMP's execution of the Greenwich settlement.  Resetting this case for trial would prejudice petitioners, see <u>Stamm Intl. Corp. v. Commissioner</u>, 90 T.C. 315, 321 (1988), who would be forced to prepare for trial and litigate factual issues resolved in the Stipulation, see <u>Korangy v. Commissioner</u>, <u>supra</u>.  Such a substantial change in the procedural setting of this case would burden this Court's resources and those of the parties.  See <u>id.</u> "'These unnecessary burdens on the system are unreasonable and unfair from the standpoint of everyone involved.'"  <u>Id.</u> (quoting <u>Brooks v. Commissioner</u>, 82 T.C. 413, 430 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985)).

It is reasonable to assume that respondent had or could have had access to his administrative file before he entered into the disputed stipulations and that respondent had or should have had all of the necessary facts to determine whether petitioners were bound by the Greenwich settlement between the TMP and the Commissioner in the Greenwich litigation before he entered into the disputed stipulations.  See <u>Tate & Lyle, Inc. & Subs. v. Commissioner</u>, T.C. Memo. 1996-80, revd. on other grounds 87 F.3d 99 (3d Cir. 1996).  Respondent has not alleged any exceptional circumstances in this case justifying respondent's sudden change in position and explaining why respondent did not conduct a

proper investigation before he executed the Stipulation. Under the circumstances of this case, we believe that justice is best served by holding the parties to the terms of the Stipulation. See id.

Respondent also moves for relief from the referenced stipulations "so that the record is consistent and accurate". However, we do not agree that our denial of relief would lead to an inconsistent or inaccurate result. The only evidence offered by respondent to demonstrate that the disputed stipulations are wrong consists of an undated copy of Form 886-Z, Partners' or S Corporation Shareholders' Shares of Income, bearing the name "Greenwich Associates" and references to taxable years 8212, 8312, and 8412 (48 pages), and a letter dated August 3, 1990, which appears to be a transmittal letter but which does not refer to Form 886-Z. The documents are not authenticated, are not stipulated to by the petitioners, and are not sufficient to establish that the disputed stipulations are erroneous. Moreover, respondent does not allege that the documents are newly discovered or that the documents were not available to him before the Stipulation was executed and the motion to submit the case under Rule 122 was filed.

Because the parties agreed in their joint motion, which we granted, to submit the case under Rule 122, the record in this case is limited to the pleadings and the Stipulation. At this

late date, we shall not consider documents outside those submitted with the pleadings or Stipulation. The disputed stipulations are consistent with each other and with the rest of the evidentiary record. The parties entered into the disputed stipulations on their own accord; there is no evidence of any fraud or duress.

Respondent claims that he mistakenly agreed to the disputed stipulations. If respondent erred, however, his mistake was unilateral. Responsibility rested with respondent's counsel to understand the significance of the disputed stipulations and to examine his case thoroughly before agreeing to the disputed stipulations. See Koranqy v. Commissioner, supra. We perceive no injustice in holding the parties to the terms of the Stipulation.

For the reasons described, we shall deny respondent's Motion for Relief from Stipulations.

An appropriate order
will be issued.