T.C. Memo. 1999-161


UNITED STATES TAX COURT


ROBLENE, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21576-95R.                    Filed May 13, 1999.


Paul M. Thielking, for petitioner.

Lawrence H. Ackerman, Judith M. Picken, and Gregory J. Stull, for respondent.


MEMORANDUM OPINION


HAMBLEN, Judge:  This is an action for a declaratory judgment regarding the qualification of petitioner's employee stock ownership plan and trust.  On August 7, 1995, respondent issued a final revocation letter to petitioner stating that the Roblene, Inc. Employee Stock Ownership Plan (the ESOP) failed to

meet the requirements of section 401(a)[1] for the plan years beginning after July 31, 1986, and that its related trust (the trust) was not tax exempt under section 501(a) for trust years ending with or within the affected plan years. Respondent also revoked the prior determination letter to petitioner dated August 20, 1990.

The issue for decision is whether the ESOP violated the qualification requirements of section 401(a)(16) in operation, preventing its related trust from being exempt from income tax under section 501(a), because amounts contributed to the trust and allocated to the accounts of the ESOP's participants exceeded the section 415 limitations for the limitation years that ended July 31, 1987, through July 31, 1990.[2]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We note that petitioner alleged, in its second amended petition, that respondent issued the final revocation letter after the expiration of the applicable statute of limitations. We further note that petitioner abandoned this claim as petitioner does not address this issue in its brief or in its reply brief.

Moreover, the present action now before this Court is a declaratory judgment action concerning the qualification of petitioner's ESOP. This action does not involve the imposition or collection of tax. There is no applicable statute of limitations with regard to the issuance of revocation of qualification letters, as they do not involve the imposition of tax. Sec. 6501(a) provides:

(continued...)

We hold that the commissions paid to Robert and Charlene Peers as independent contractors are not includable in "participant's compensation" for purposes of the section 415 limitations. Furthermore, we hold that the elective salary deferrals are employer contributions and as such are not included in "participant's compensation" for section 415 limitation purposes. Consequently, we hold that the ESOP failed to meet the requirements of section 401(a) for the plan years beginning after July 31, 1986, and that the related trust is not a qualified trust under section 401(a) for the plan years beginning after July 31, 1986.

## Background

Petitioner is an Iowa corporation with its principal place of business located in Des Moines, Iowa, at the time of the filing of the petition in this case. It filed its Federal tax returns for the years in issue with the Internal Revenue Service Center in Kansas City, Missouri. Petitioner maintains its tax records on the accrual method of accounting with a fiscal year ending July 31 as its taxable year.

---

[2](...continued)

(a) General Rule.--except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Petitioner was incorporated on August 9, 1985, and its principal business activity is real estate sales. It is the employer and plan administrator with respect to the ESOP, a defined contribution plan. Petitioner established the ESOP and the trust as of August 12, 1985, effective for plan years beginning on and after August 12, 1985. The plan years and limitation years of the ESOP and the trust are the fiscal years ending July 31. Petitioner amended and restated the plan document on November 7, 1989, effective August 1, 1989. On August 20, 1990, respondent issued a favorable determination letter to petitioner stating that the ESOP, as amended and restated, was in form qualified under section 401(a) and consequently the trust was entitled to tax exempt status under section 501(a). This determination letter applied to plan year(s) beginning after July 31, 1989.

The ESOP contains a salary reduction cash or deferred arrangement feature, under which an ESOP participant is permitted to reduce his cash compensation or to forgo an increase in cash compensation conditioned upon the employer's making a pretax contribution in the same amount to the ESOP to the participant's account.

Apart from the 10 shares of petitioner's stock issued to Robert and Charlene Peers on August 9, 1985, the ESOP's trust is and has been the sole shareholder of petitioner since its

incorporation on August 9, 1985.  Petitioner issued shares of its stock to the trust in payment of the contributions to the trust.

Robert and Charlene Peers were, during the taxable years that ended July 31, 1987, through 1990, and are the founders and sole officers of petitioner.  Robert Peers was and is its president, and Charlene Peers was and is the trustee of the ESOP's trust.  Robert and Charlene Peers also have been the only participants in the ESOP.

Petitioner reported the following deductions on its U.S. Corporation Income Tax Returns, Forms 1120:

| Year | Compensation of Officers (Line 12) | Salaries and Wages (Line 13) | Pension Profit-sharing, etc., plans (Line 24) |
|------|------|------|------|
| 1987 | $0 | $801.01 | $45,000 |
| 1988 | 0 | 0 | 17,000 |
| 1989 | 0 | 0 | 10,050 |
| 1990 | 0 | 0 | 9,870 |

The deductions for "Pension, Profit-sharing, etc., plans" were reflected as contributions to the trust in the trust's Forms 5500-C, Return/Report of Employee Benefit Plan, for each of such years.

In addition, petitioner included the following commissions, paid to nonemployees who were treated by petitioner as independent contractors, on line 26, "Other deductions":

| Year | Commissions |
|------|-------------|
| 1987 | $45,000 |
| 1988 | 68,000 |
| 1989 | 67,000 |
| 1990 | 65,800 |

Robert and Charlene Peers filed joint U.S. Individual Income Tax Returns.  Their returns reflect the following:

| Year | Wages, Salaries, tips, etc. (Form 1040-Line 7) | Business Income (Schedule C) | Principal Business (Schedule C) |
|------|------|------|------|
| 1987 | $0 | $32,922 | -- |
| 1988 | 0 | 53,718 | Real Estate Sales |
| 1989 | 31,426.65 | 57,271.12 | Real Estate Sales |
| 1990 | 40,040 | 60,543 | Realtor |

For 1989, we note that no W-2 is included in the record to determine the source of the $31,426.65 of salaries and wages. Since petitioner paid $0 in compensation to officers and $0 in salaries and wages for 1988, 1989, and 1990, it would appear that this income is from another employer.  For 1990, a Form W-2 is attached to the tax return of Robert and Charlene Peers indicating that First Realty Ltd. paid $40,040 to Robert and Charlene Peers.

## Discussion

Prior to discussing the respective arguments of the parties regarding the qualification of petitioner's ESOP as exempt from taxation, a brief summary of the pertinent statutes is helpful. Section 501(a) provides that a trust described in section 401(a) is generally exempt from taxation.  Section 401(a) discusses the

requirements that a trust must meet in order to constitute a "qualified trust," and sets forth certain restrictions that preclude qualification of a trust. Section 401(a)(16) sets forth the restriction in issue in the instant case. Section 401(a)(16) provides:

> A trust shall not constitute a qualified trust under this section if the plan of which such trust is a part provides for benefits or contributions which exceed the limitations of section 415.

Section 415(a)(1) provides that a trust which is part of a pension, profit-sharing, or stock bonus plan shall not constitute a qualified trust under section 401(a) if--

> (B) in the case of a defined contribution plan, contributions and other additions under the plan with respect to any participant for any taxable year exceed the limitation of subsection (c) * * *

Section 415(c)(1) provides:

> (1) In general.--Contributions and other additions with respect to a participant exceed the limitation of this subsection if, when expressed as an annual addition (within the meaning of paragraph (2)) to the participant's account, such annual addition is greater than the lesser of--
> (A) $30,000,[3] or
> (B) 25 percent of the participant's compensation.

---

[3]Sec. 415(c)(1)(A) was amended by the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 1106(a), 1106(i), 100 Stat. 2420, 2425, effective for years beginning after Dec. 31, 1986, to read $30,000 (or, if greater, 1/4 of the dollar limitation [$90,000] in effect under subsection (b)(1)(A))". It was further amended to eliminate the parenthetical language effective for years commencing after Dec. 31, 1994. See Uruguay Round Agreements Act, Pub. L. 103-465, sec. 732(b)(2), 108 Stat. 5005 (1994).

Section 415(c)(2) provides that "annual addition" means the sum for any year of--:

> (A)  employer contributions,
> (B)  the lesser of--
> > (i)  the amount of the employee contributions in excess of 6 percent of his compensation, or
> > (ii) one-half of the employee contributions,[4] and
> (C)  forfeitures.

The dispute in this case focuses on whether amounts contributed to the trust and allocated to the accounts of Robert and Charlene Peers exceeded the section 415 limitations.  The parties disagree as to what constitutes "participant's compensation" for purposes of section 415 and as to whether elective salary deferrals constitute employee or employer contributions.

Petitioner asserts that the commissions it paid Robert and Charlene Peers as independent contractors constitute "participant's compensation" for purposes of section 415. Petitioner also asserts that the amounts of elective salary deferrals are employee contributions and should be included in "participant's compensation."  Thus, petitioner maintains that the limitations of section 415(c)(1) have not been exceeded with

---

[4]Sec. 415(c)(2)(B) was amended by the TRA 1986 sec. 1106(e)(1), 1106(i), 100 Stat. 2424, 2425, for the years beginning after Dec. 31, 1986, to include the entire employee contribution in the computation of the annual addition.

the result that the ESOP and trust were qualified during the years at issue.

Petitioner asserts, in its brief, that the participant's compensation, contributions to the ESOP, and annual additions are as follows:

| Year Ended | Participant's Compensation | Contributions | Annual Additions | |
|---|---|---|---|---|
| 7/31/87 | | | | |
| Commissions | $45,000 | | | |
| Elective Deferrals | 45,000 | $45,000 | $22,500 | |
| | 90,000 | | 22,500 | sec. 415 limit |
| | | | 0 | Excess |
| 7/31/88 | | | | |
| Commissions | $68,000 | $10,000 | | |
| Elective Deferrals | 7,000 | 7,000 | $17,000 | |
| | 75,000 | 17,000 | 17,000 | sec. 415 limit |
| | | | 0 | Excess |
| 7/31/89 | | | | |
| Commissions | $67,000 | $10,050 | $10,050 | |
| | | | 16,750 | sec. 415 limit |
| | | | (6,700) | Excess |
| 7/31/90 | | | | |
| Commissions | $65,800 | $9,870 | $9,870 | |
| | | | (6,700) | prior year excess |
| | | | 3,170 | net annual additions |
| | | | 16,450 | sec. 415 limit |
| | | | (13,280) | Excess |

We note that petitioner included only one-half of the elective deferrals in "Annual Additions" for the year ended July 31, 1987, since petitioner asserts the elective deferrals are employee contributions and not employer contributions. We also note that petitioner computed the section 415 limit for the year ended July 31, 1988, based only on the commissions ($68,000 × 25 percent). For the year ended July 31, 1987, however, petitioner based the section 415 limit on both the commissions and elective deferrals ($90,000 × 25 percent).

Respondent contends that the commissions petitioner paid to Robert and Charlene Peers did not constitute "participant's compensation" for purposes of section 415. Furthermore, respondent asserts that elective salary deferrals constitute employer, not employee, contributions and thus, cannot be included in "participant's compensation" for purposes of calculating section 415 limitations. Consequently, respondent contends that the limits of section 415(c)(1) were exceeded, and the ESOP and trust were not qualified during the years at issue.

Respondent asserts that the participant's compensation, contributions to the ESOP, and annual additions are as follows:

| Year Ended | Participant's compensation | Contributions | Annual additions | |
|---|---|---|---|---|
| **7/31/87** | | | | |
| Commissions | | | | |
| Charlene Peers | $0 | | | |
| Robert Peers | 0 | | | |
| | 0 | | | |
| | | | | |
| Elective Deferrals | | | | |
| Charlene Peers | $0 | $22,500 | $22,500 | |
| Robert Peers | 0 | 22,500 | 22,500 | |
| | 0 | 45,000 | 45,000 | |
| | | | 0 | sec. 415 limit |
| | | | 45,000 | Excess |
| **7/31/88** | | | | |
| Commissions | | | | |
| Charlene Peers | $0 | | | |
| Robert Peers | 0 | | | |
| | 0 | | | |
| | | | | |
| Elective Deferrals | | | | |
| Charlene Peers | $0 | $8,500 | $8,500 | |
| Robert Peers | 0 | 8,500 | 8,500 | |
| | 0 | 17,000 | 17,000 | |
| | | | 0 | sec. 415 limit |
| | | | 17,000 | Excess |
| | | | [1]62,000 | Cum. excess |
| **7/31/89** | | | | |
| Commissions | | | | |
| Charlene Peers | $0 | $5,025 | $5,025 | |
| Robert Peers | 0 | 5,025 | 5,025 | |
| | 0 | 10,050 | 10,050 | |
| | | | 0 | sec. 415 limit |
| | | | 10,050 | Excess |
| | | | [2]72,050 | Cum. excess |

7/31/90
 Commissions

| | | | | |
|---|---|---|---|---|
| Charlene Peers | $0 | $4,935 | $4,935 | |
| Robert Peers | 0 | 4,935 | 4,935 | |
| | 0 | 9,870 | 9,870 | |
| | | | 0 | sec. 145 limit |
| | | | 9,870 | Excess |
| | | | [3]81,920 | Cum. excess |

[1] This represents the cumulative excess in the trust for both participants.

[2] See supra note 1.

[3] See supra note 1.

We note that respondent included the full amount of elective deferrals as "Annual Additions" for the year ended July 31, 1987, since respondent asserts the elective deferrals are employer contributions, and not employee contributions.

Respondent contends that for the limitation years ended July 31, 1987, 1988, 1989, and 1990, the section 415 limitations were exceeded in the respective amounts of $22,500, $31,000, $36,025, and $40,960 for each participant.

I. Commissions

Petitioner seeks to include in "participant's compensation" the amounts that petitioner paid Robert and Charlene Peers as independent contractors for the years ended July 31, 1987, through 1990. Petitioner's corporate income tax returns, Forms 1120, for the years that ended July 31, 1987, through 1990, indicate that the compensation paid to the officers for each year was zero dollars. These returns also indicate that during the

same period the salaries and wages paid to employees for each year was zero dollars, with the exception of 1987 in which petitioner reported $801.01 as salaries and wages. Thus, petitioner reported that it did not pay either Robert or Charlene Peers any compensation for their services as officers of petitioner, and that petitioner paid only $801.01 as salaries and wages for the years at issue.

Rather than treating the remuneration of Robert and Charlene Peers as compensation paid to officers or as salaries and wages paid to employees, petitioner treated payments to the Peerses as commissions paid to independent contractors. Petitioner's corporate income tax returns, Forms 1120, for the years at issue, indicate that the commissions paid to nonemployees who were treated by petitioner as independent contractors for each year were as follows:

| Year | Commissions |
|------|-------------|
| 1987 | $45,000 |
| 1988 | 68,000 |
| 1989 | 67,000 |
| 1990 | 65,800 |

We note that petitioner alleged no facts in its petition, its amended petition, or its second amended petition to challenge the treatment of the amounts as payments to independent contractors, which treatment was clearly described in respondent's final revocation letter.

Section 415(c)(3)(A) defines "participant's compensation" as "the compensation of the participant from the employer for the year." Petitioner argues that Robert and Charlene Peers' respective compensation was their earned income as self-employed persons. In advancing its argument that the self-employment income, which Robert and Charlene Peers reported on their Schedule C, constitutes "participant's compensation" for purposes of determining the section 415 limitations of the ESOP, petitioner cites a portion of a pre-ERISA regulation in the following manner:

> Treatment of a self-employed individual as an employee. (1) For purposes of section 401, a self-employed individual who receives earned income from an employer during a taxable year of such employer beginning after December 31, 1962, shall be considered an employee of such employer for such taxable year. * * * [Sec. 1.401-10(b)(1), Income Tax Regs.]

Petitioner is correct that for a self-employed individual "participant's compensation" is the participant's earned income. See sec. 415(c)(3)(B). What petitioner fails to recognize is that a sole proprietor is considered to be his own employer. See Howard E. Clendenen, Inc. v. Commissioner, T.C. Memo. 1998-318. Section 401(c)(4) provides that "An individual who owns the entire interest in an unincorporated trade or business shall be treated as his own employer." Furthermore, the definition of

employer set forth in section 1.401-10(e), Income Tax Regs., provides:

> (e) Definition of employer. (1) For purposes of section 401, a sole proprietor is considered to be his own employer, and the  partnership is considered to be the employer of each of the partners. * * *

The Peerses received their remuneration as independent contractors.  Petitioner reported the commissions paid to the Peerses on its corporate income tax returns, Forms 1120, not as line 12, "Compensation of officers", or as line 13 "Salaries and wages".  Rather, petitioner included the commissions on line 26, "Other deductions".  Likewise, the Peerses reported the commissions on their Schedule C for each of the years at issue as independent contractors and enjoyed the ability to offset that income with deductions unreduced by the 2 percent of adjusted gross income offset applicable to miscellaneous deductions on Schedule A.

Petitioner paid the Peerses as independent contractors.  The direct consequence of structuring its affairs in this manner, is that the remuneration which Robert and Charlene Peers received from the petitioner as independent contractors, which they reported on Schedule C, does not constitute "participant's compensation" for purposes of computing the section 415 limitations for each of the limitation years at issue.

## II.  Elective Deferrals

Petitioner argues that the amounts of the elective salary deferrals, which the participant chose not to receive as cash but rather to have contributed to the ESOP, are employee contributions and are includable in "participant's compensation". Robert and Charlene Peers elected salary deferrals for the 1987 and 1988 taxable years in the respective amounts of at least $45,000 and $7,000.[5]

Section 402(a)(8)[6] provides:

(8) Cash or deferred arrangements.--For purposes of this title, contributions made by  an employer on behalf of an employee to a trust which is a part of a qualified cash or deferred arrangement(as defined in section 401(k)(2)) shall not be treated as distributed or made available to the employee nor as contributions made to the trust by the employee merely because the arrangement includes provisions under which the employee has an election whether the contribution will be made to the trust or received by the employee in cash.

In addition, section 1.415-2(d)(2)(i),[7] Income Tax Regs., provides that compensation does not include:

---

[5]We note that respondent contends that Robert and Charlene Peers elected $17,000 in elective salary deferrals for 1988. This difference is immaterial to the outcome.

[6]Sec. 402 was amended by sec. 521(a) of the Unemployment Compensation Amendments of 1992, Pub. L. 102-318, 106 Stat. 290, 300-310.  The above-quoted language is currently found in sec. 402(e)(3).

[7]This provision was renumbered as sec. 1.415-2(d)(3)(i), Income Tax Regs., effective for years after Jan. 1, 1987.  See T.D. 8361, 1991-2 C.B. 310, 318.

Contributions made by the employer to a plan of deferred compensation to the extent that, before the application of the section 415 limitations to that plan, the contributions are not includible in the gross income of the employee for the taxable year in which contributed.

Furthermore, section 1.401(k)-1(a)(4)(ii), Income Tax Regs., provides:

(ii) Treatment of elective contributions as employer contributions. Except as provided in paragraph (f) of this section, [dealing with the correction of excess contributions] elective contributions under a qualified cash or deferred arrangement are treated as employer contributions. Thus, for example, elective contributions are treated as employer contributions for purposes of sections 401(a) and 401(k), 402, 404, 409, 411, 412, 415, 416, and 417.

The issue in respect of elective deferrals has been before this Court under substantially identical circumstances. See Howard E. Clendenen, Inc. v. Commissioner, T.C. Memo. 1998-318; Steel Balls, Inc. v. Commissioner, T.C. Memo. 1995-266, affd. per curiam without published opinion 89 F.3d 841 (8th Cir. 1996).[8] We rejected the same arguments presented herein and concluded that respondent's position was clearly supported by the statute

---

[8]The Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1434(a), 110 Stat. 1807, added sec. 415(c)(3)(D) which includes certain deferrals in participant's compensation, effective for years beginning after Dec. 31, 1997. This amendment does not apply to the instant case. We note, however, that the legislative history makes clear that Congress considered the provisions of the then-existing law as requiring the result reached herein and specifically intended to change the law for future years. See H. Rept. 104-586 at 112 (1996), 1996-3 C.B. 331, 450; S. Rept. 104-281 at 80 (1996); H. Conf. Rept. 104-737 at 245-246 (1996), 1996-3 C.B. 741, 985-986.

and regulations.  We reach the same conclusion herein and hold
that the elective deferrals are employer contributions and not
included in "participant's compensation".  Since the elective
deferrals are employer contributions, the full amounts of the
elective deferrals are included in annual additions.[9]  See sec.
415(c)(2).

III. Conclusion

We now determine whether the annual additions on behalf of
Robert and Charlene Peers exceed the section 415(c) limitations.
We hold that the commissions paid to Robert and Charlene Peers as
independent contractors are not includable in "participant's
compensation" for purposes of the section 415 limitations.
Furthermore, we hold that the elective salary deferrals are
employer contributions and are not included in "participant's
compensation" for section 415 limitation purposes.  The record is
not clear as to the exact amounts of salaries and wages paid to
Robert and Charlene Peers for the year ended July 31, 1987.[10]  We

_____

[9]For the year ended July 31, 1987, no more than one-half of
the employee contribution would have been included.  See sec.
415(c)(2)(B); supra note 4.

[10]The amount deducted by petitioner for "Salaries and wages"
($801.01) for the taxable year ending July 31, 1987, does not
match that reported by Robert and Charlene Peers as "Wages,
Salaries, tips, etc." ($0) on their joint individual income tax
returns for their taxable year ending Dec. 31, 1987.  While this
could be due to the different tax years involved (year ending
July 31 versus Dec. 31), respondent, in the revocation letter and
(continued...)

need not make any findings with respect to the exact figures, however, for regardless of which amount we use, the annual additions allocated to Robert and Charlene Peers during each of the plan years that ended July 31, 1987, through July 31, 1990, clearly exceed the section 415 limitations. Petitioner has not argued or established that any corrective measures were taken to reduce these additions. See sec. 1.415-6(b)(6), Income Tax Regs. Consequently, we hold that the ESOP failed to meet the requirements of section 401(a) for the plan years beginning after July 31, 1986, and that the related trust is not a qualified trust under section 401(a) for the plan years beginning after July 31, 1986.

Decision will be entered for respondent.

---

[10](...continued)
in his briefs, uses the $0 figure appearing on Robert and Charlene Peers' individual return.