# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-4183

———————

Howard E. Clendenen, Inc.,      *
     *
        Appellant,      *
     *
     *   On Appeal from the
      v.      *   United States Tax Court.
     *
Commissioner of Internal Revenue,      *
     *
        Appellee.      *

———————

Submitted: February 17, 2000
Filed: March 29, 2000

———————

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

RICHARD S. ARNOLD, Circuit Judge.

Clendenen, Inc., the taxpayer, appeals from the Tax Court's[1] decision upholding the Commissioner of Internal Revenue's determination that the taxpayer's employee stock ownership plan (ESOP) did not qualify under Internal Revenue Code (I.R.C.) § 401(a); and accordingly, that its related employee stock ownership trust (ESOT) was not exempt from income tax. We affirm.

———————

[1]The Honorable Theodore Tannenwald, Jr., late a United States Tax Court Judge.

Howard Clendenen, the taxpayer's founder, was its president throughout the period at issue. The taxpayer established the ESOP, a defined contribution plan, and the ESOT, effective for plan years beginning on or after July 15, 1983. The taxpayer served as the plan administrator. The ESOP's annual accounting period was the fiscal year ending June 30. The taxpayer also used a June 30 fiscal year end.

In June 1986, the taxpayer's board of directors adopted resolutions recognizing that Mr. Clendenen had elected to forego one-half of his salary and bonuses for the 1986 and 1987 fiscal years, and that the taxpayer would contribute that amount to the ESOT on Mr. Clendenen's account. The contribution was to be treated as an "employee contribution." The ESOP's records show that, for the plan year 1986, $17,029.38 was allocated to Mr. Clendenen's ESOT account as an employee contribution; and for the plan year 1987, $30,000.00 was allocated to his account as an employee contribution. The Tax Court found, and Mr. Clendenen does not dispute, that on his income tax returns for 1986 and 1987, he reported receiving wages and salaries from the taxpayer of $12,938 and $30,000, respectively.

During 1989 through 1991, Mr. Clendenen served as the taxpayer's insurance consultant on an independent-contractor basis, and reported the commissions and bonuses the taxpayer paid him for those years as "business income." He was not compensated for his services as a corporate officer of the taxpayer.

The Commissioner determined that, for the 1986 plan year and subsequent years, the taxpayer's contributions to the ESOT on behalf of Clendenen exceeded the limitations in I.R.C. § 415(c) (establishing specified limits on contributions to ESOTs). Accordingly, the Commissioner concluded that the ESOP and ESOT were not qualified under I.R.C. § 401(a), and were therefore not tax exempt. See I.R.C. § 401(a)(16) (trust is not "qualified" if related plan provides for benefits or contributions exceeding § 415 limitations); I.R.C. § 501(a) (organization meeting requirements of § 401(a) shall be tax exempt under I.R.C.). Underlying these conclusions were the Commissioner's

determinations that (1) contributions (elective deferrals) to the ESOT on behalf of Mr. Clendenen in 1986 and 1987 constituted "employer contributions" not includible in "participant's compensation"; and (2) the commissions and bonuses the taxpayer paid to Mr. Clendenen in 1989, 1990, and 1991, also were not includible in "participant's compensation." The Tax Court sustained the Commissioner's determinations, and this appeal followed.

We review de novo the Tax Court's legal conclusions, and for clear error its findings of fact. See Chakales v. Commissioner, 79 F.3d 726, 728 (8th Cir.), cert. denied, 519 U.S. 825 (1996). As the party challenging the Commissioner's determination, the taxpayer had the burden of proof. See Tax Ct. R. 217(c)(2)(A).

Section 415(c)(1) provides that contributions and other additions are excessive, if--when expressed as an "annual addition"-- they exceed the lesser of $30,000 or 25% of the participant's compensation. For the taxpayer's 1986 and 1987 plan years, "annual addition" was defined to include "employer contributions." See I.R.C. § 415(c)(2)(A).

The Tax Court correctly held that the salary and bonuses Mr. Clendenen elected to forego in 1986 and 1987, and which were contributed by the taxpayer to the ESOT on his behalf, were "employer contributions." Under I.R.C. § 402(e)(3) (formerly I.R.C. § 402(a)(8)), elective deferrals are not treated as employee contributions "merely because the arrangement includes provisions under which the employee has an election whether the contribution will be made to the trust or received by the employee in cash." In 1988 and 1991, the IRS adopted regulations which provide that such elective contributions are to be treated as "employer contributions." See Treas. Reg. § 1.401(k)-1(a)(4)(ii) (1991) ("elective contributions are treated as employer contributions"); Treas. Reg. § 1.402(a)-1(d)(2)(i) (1988) ("[e]lective contributions . . . made by an employer on behalf of an employee . . . are not treated as . . . employee contributions"). The taxpayer argues that the language of Section 402(e)(3) uses the

word "merely," and thus does not preclude the possibility that an elective-deferral arrangement could be treated as an employee contribution. While this may be true, the language also indicates that some factor must be present--other than provisions allowing the employee to elect whether to have contributions made to the trust, or to receive the contributions in cash--to warrant their treatment as an employer contribution. The taxpayer does not argue that any such factor exists.

The taxpayer also draws our attention to I.R.C. § 415(c)(3)(D), under which certain elective deferrals are includible in a participant's compensation; however, that section is applicable only for years beginning after December 31, 1997. See Small Business Job Protection Act of 1996, Pub. L. 104-188, § 1434(c), 110 Stat. 1755, 1807. In addition, the legislative history accompanying Section 415(c)(3)(D) indicates that Congress considered then-existing law--namely, Section 402(e)(3), together with its regulations--to require an employer's elective contributions on behalf of an employee to be treated as employer contributions, and that Congress specifically intended to change the law for future years. See Roblene, Inc. v. Commissioner, 77 T.C.M. (CCH) 1998, 2004 n.8 (1999) (citing H.R. Rep. No. 104-586 at 112 (1996), 1996-3 C.B. 331, 450 ("present law provides that the definition of compensation generally does not include elective employee contributions to certain employee benefit plans"; proposed provision of Small Business Job Protection Act of 1996 states that "elective deferrals to 401(k) plans and similar arrangements . . . are considered compensation for purposes of the limits on contributions and benefits"); S. Rep. No. 104-281 at 80 (1996) (same); H. R. Conf. Rep. No. 104-737 at 245-246 (1996), 1996-3 C.B. 741, 985-986 (same)).

The taxpayer also argues that the Tax Court erred in applying the tax regulations retroactively. In support, the taxpayer relies on the language of I.R.C. § 7805(b): "Except as otherwise provided in this subsection, no temporary, proposed, or final regulations relating to the internal revenue laws shall apply [retroactively]." The version of the statute the taxpayer quotes, however, is the statute as revised in 1996 by

the Taxpayer Bill of Rights Act, Pub. L. No. 104-168, Sec. 12101(a), 110 Stat. 1452. Prior to its amendment, and during the period at issue here, I.R.C. § 7805(b) read as follows: "The secretary may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect." Neither regulation provides that it may not be applied retroactively. Thus, neither Congress nor the Secretary of the Treasury prohibited application of these regulations to the tax period at issue here. See I.R.C. § 7805(b) (1986) (Commissioner, with approval of Secretary, may prescribe extent to which any regulation or Treasury decision shall be applied without retroactive effect); Treas. Reg. § 301.7805-1(b) (1960) (same); Estate of Juden v. Commissioner, 865 F.2d 960, 962 n.1 (8th Cir. 1989) (Treasury Regulation presumed to be retroactive); Excel Corp. v. United States, 451 F.2d 80, 85 (8th Cir. 1971) (Secretary has right to determine when regulation will be applied without retroactive effect). While Congress amended I.R.C. § 7805(b) to restrict the ability of the Internal Revenue Service to apply regulations retroactively, see Taxpayer Bill of Rights Act, Pub. L. No. 104-168, § 1101, 110 Stat. 1452, 1468-69 (1996), the 1996 version of the statute would not help the taxpayer, even if it applied. It is effective only for regulations that relate to statutory provisions enacted on or after July 30, 1996, and Congress enacted Section 401--the section to which Treas. Reg. § 1.401(k)-1(a)(4)(ii) relates--prior to 1996. See Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 2004(a)(1), 88 Stat. 829. Likewise, Treas. Reg. § 1.402(a)-1(d)(2)(i) relates to Section 402, which also was enacted before 1996, see Revenue Act of 1978, § 135(b), Pub. L. No. 95-600, 92 Stat. 2763.

The taxpayer contends that, nevertheless, applying the regulations at issue here violates due process. We cannot agree. First, the regulations are interpretive, rather than legislative. Neither I.R.C. § 401(k) nor § 402(e)(3) delegates to the Secretary the authority to adopt regulations, and therefore, they do not have the force and effect of law. Cf. Anderson, Clayton & Co. v. United States, 562 F.2d 972, 976 & n.6 (5th Cir. 1977) (legislative regulations which are issued pursuant to specific authority from, or direction by, Congress--in particular I.R.C. sections--have force and effect of law), cert.

denied, 436 U.S. 944 (1978); M. Saltzman, IRS Prac. & Proc. ¶ 302[4][a] (2d ed. 1991) (same).

Second, although I.R.C. §§ 401(k) and 402(e)(3), as they existed in 1986, did not refer to regulations the Secretary might adopt (and thus did not put the taxpayer on notice that regulations interpreting these sections would be forthcoming), in 1988 the Secretary proposed Treas. Reg. § 1.401(k)-1(a)(4)(ii) in a form substantially similar to the final regulation adopted in 1991. See T.D. 8217, 1988-35 I.R.B. 4, 11. Also in 1988, the Secretary adopted Treas. Reg. § 1.402(a)-1(d)(2). See id. at 20. We conclude that the period of retroactivity--five years in the case of Treas. Reg. § 1.401(k)-1(a)(4)(ii) (although, as noted, the regulation was proposed three years before its adoption), and two years in the case of Treas. Reg. § 1.402(a)-1(d)(2)(i)--is not excessive. Cf. National Muffler Dealers Ass'n v. United States, 440 U.S. 472, 478-82 (1979) (upholding validity of regulation issued six years after enactment of statute, and modified ten years later, even though regulation was issued without prior indication that new regulations would be forthcoming); E.I. du Pont de Nemours & Co. v. Commissioner, 41 F.3d 130, 135, 139-40 & n.37 (3d Cir. 1994) (upholding validity of retroactive regulation adopted thirteen years after enactment of statute directing Secretary to promulgate regulations).

We now turn to the second issue in this appeal, the Tax Court's determination that the commissions and bonuses the taxpayer paid to Mr. Clendenen in 1989, 1990, and 1991, as an independent contractor, did not constitute participant's compensation for purposes of determining the taxpayer's Section 415 limitations. Once again, we must agree with the Tax Court. Specifically, the Tax Court correctly concluded that Clendenen was both employed by the taxpayer, and was self-employed, during 1989, 1990, and 1991. See Treas. Reg. § 1.401-10(e) (1963) (sole proprietor is considered to be his own employer); Treas. Reg. § 1.401-10(b)(3)(ii) (1963) (individual may be treated as employee of one employer even though he is common-law employee of another employer). We disagree with the taxpayer that Section 1.401-10(e) applies

only to partnerships and not to self-employed persons. See Tech. Adv. Mem. 6602288320A (Feb. 28, 1966) (§ 1.401-10(e)(1) provides that "a sole proprietor is considered to be his own employer and a partnership is considered to be the employer of each of the partners," and recognizes "separate identities, a sole proprietor and a partnership, as potential creditors of a self-employed retirement plan"). For purposes of the taxpayer's ESOP, only the income Mr. Clendenen received as an employee of the taxpayer is relevant in calculating the allowable limits in Section 415, and the taxpayer paid him as an independent contractor, not as an employee. See Treas. Reg. § 1.415-2(d)(2)(i) (1980) (for purposes of applying limitations of § 415, compensation includes employee's wages received for personal services rendered in course of employment with employer maintaining plan).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-