T.C. Memo. 2000-171


UNITED STATES TAX COURT


VAN ROEKEL FARMS, INC., Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20290-98R.                    Filed May 24, 2000.


Paul F. Christoffers, for petitioner.

Lawrence H. Ackerman, for respondent.


MEMORANDUM OPINION


HAMBLEN, Judge:  This is an action for declaratory judgment

under section 7476[1] regarding the qualification of petitioner's

employee stock ownership plan and trust.  Petitioner has

_____

[1]All section references are to the Internal Revenue Code,
all Rule references are to the Tax Court Rules of Practice and
Procedure, and dollar amounts are rounded to the nearest dollar,
unless otherwise noted.

satisfied all the jurisdictional requirements. See sec. 7476(b); Rule 210(c). On September 24, 1998, respondent sent petitioner a final revocation letter stating that the Van Roekel Farms, Inc. Employee Stock Ownership Plan (ESOP) does not qualify under section 401(a) for plan year ending July 31, 1993, and subsequent years,[2] and that, accordingly, its trust is not tax exempt under section 501(a). Under Rules 122 and 217, the parties submitted this case without trial and on the basis of a jointly stipulated administrative record, which we incorporate by this reference. Hereinafter, we sometimes refer to the ESOP and trust as, collectively, the plan.

The issues are: (1) Whether petitioner violated section 401(a)(16) for years beginning after July 31, 1993, by contributing amounts to the plan that exceeded the allowable limits of section 415(c); and (2) whether the plan is disqualified for years ending July 31, 1995 and 1996, because it was not timely amended to comply with section 401(a)(17) and (31). Since we agree with respondent's first contention and decide the case on that ground, we do not reach the second issue.

---

[2]Respondent argues on brief that petitioner's employee stock ownership plan (ESOP) is disqualified for plan years beginning after July 31, 1993. Although fiscal 1993 is the first year for which respondent issued the revocation letter, respondent does not challenge, and we therefore treat as conceded, the ESOP's qualified status for that year.

Background

Petitioner, an Iowa corporation since 1977 with its principal place of business in Orange City, Iowa, engages in farming operations. It uses the cash method of accounting with a fiscal year ending July 31 to compute its income. Effective August 1, 1990, petitioner adopted the ESOP (a defined contribution plan) and a trust to hold and invest the ESOP's assets. The plan used a July 31 fiscal year end as its annual accounting period. Before fiscal 1996, petitioner never requested a determination letter from the Internal Revenue Service regarding the ESOP's status.[3]

Petitioner's founder and president was Eugene Van Roekel. He was also the only trustee and participant of the plan. Petitioner twice purported to amend the ESOP--on December 29, 1994,[4] effective for plan years beginning August 1, 1994, and again on August 26, 1997.

Under the plan, petitioner's board of directors had sole discretion to decide the amount, if any, that petitioner would contribute each year from its profits, except in cases where payments became due on an ESOP loan. Moreover, petitioner was

---

[3]The record is unclear as to whether petitioner has since requested a determination letter from the Internal Revenue Service.

[4]Although the written amendment dated Dec. 29, 1994, is unsigned, we do not address its validity, because the amendments made therein do not affect the outcome of this case.

responsible for allocating its contributions among the participants' accounts in proportion to their compensation.[5]

For years ending July 31, 1994, 1995, and 1996, the plan filed Forms 5500-C/R, Return/Report of Employee Benefit Plan, showing contributions of $2,250, $2,700, and $2,550, respectively. Similarly, for each of those years, petitioner deducted $2,250, $2,700, and $2,550, respectively, on Forms 1120, U.S. Corporation Income Tax Return, as payments to the plan on behalf of Mr. Van Roekel. As shown below, petitioner reported no deduction for salaries, wages, or officers' compensation but deducted management fees paid to Mr. Van Roekel as an independent contractor:

| Tax year ending | Compensation of officers | Salaries and wages | Pension, profit sharing, etc., plans | Other deductions[1] (management fees) |
|---|---|---|---|---|
| 1994 | -0- | -0- | $2,250 | $15,000 |
| 1995 | -0- | -0- | 2,700 | [2]18,000 |
| 1996 | -0- | -0- | 2,550 | 15,000 |

[1]Petitioner claimed miscellaneous expenses as "Other deductions" on line 26 of Form 1120 and attached a schedule in which it separately stated each expense.

[2]Petitioner included this amount on line 27 of Form 1120 titled "Total deductions" and not on line 26.

For calendar years 1994, 1995, and 1996, Mr. Van Roekel and his wife, Darlene, filed joint Federal income tax returns. He worked as petitioner's farm manager on an independent contractor basis, and, as reflected below, reported the management fees that

[5]The ESOP defined compensation as "compensation paid by the Employer to the Participant during the taxable year ending with or within the Plan Year which is required to be reported as wages on the Participant's Form W-2".

petitioner paid him on a Schedule C, Profit or Loss From

Business:

| Year | Wages, salaries[1] (Line 7, Form 1040) | Business income (Schedule C) | Type of business (Schedule C) |
|---|---|---|---|
| 1994 | $12,776 | $15,000 | Farm management |
| 1995 | 12,967 | 18,000 | Farming |
| 1996 | 13,356 | 15,000 | Farm management |

[1]The wages are attributable solely to Darlene, a secretary at the Orange City Municipal Hospital in Iowa.

Respondent disqualified the plan for years beginning after July 31, 1993, because allocations to Mr. Van Roekel, an independent contractor, in fiscal 1994, 1995, and 1996 exceeded the limits of section 415(c).

Discussion

Section 401(a) lists the qualification requirements of a pension, profit-sharing, and stock bonus plan. It provides in part:

> SEC. 401(a). Requirements for Qualification.--A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section--
>
> *    *    *    *    *    *    *
>
> (16) A trust shall not constitute a qualified trust under this section if the plan of which such trust is a part provides for benefits or contributions which exceed the limitations of section 415.

Section 415(c) limits the annual addition to a participant's account to the lesser of a specific dollar amount or 25 percent of the participant's compensation. "Annual addition" is defined as the sum for any year of employer contributions, employee contributions, and forfeitures, sec. 415(c)(2), and "participant's compensation" is simply "the compensation of the participant from the employer for the year," sec. 415(c)(3)(A).

The parties disagree as to what is "participant's compensation" under section 415. Respondent contends that petitioner's allocations to Mr. Van Roekel's account for fiscal 1994, 1995, and 1996 exceeded the section 415(c) limits because Mr. Van Roekel received no compensation for those years. Petitioner maintains that it did not violate section 415 because "participant's compensation" includes the management fees that it paid Mr. Van Roekel as an independent contractor.

During fiscal 1994 through 1996, petitioner paid no salaries, wages, or officers' compensation. Consequently, Mr. Van Roekel received no compensation for his services as either an officer or an employee. Instead, petitioner and Mr. Van Roekel arranged that the latter would be paid as an independent contractor for his work in managing the farm.[6] Consistent with that arrangement, petitioner deducted the management fees as

---

[6]Petitioner does not challenge Mr. Van Roekel's status as an independent contractor.

"other deductions" on Forms 1120, while Mr. Van Roekel reported the fees as business income on Schedules C.[7]  Accordingly, the amounts petitioner paid to Mr. Van Roekel are irrelevant in calculating the allowable limits of section 415, because Mr. Van Roekel received no employee compensation--a situation fatal to the trust's qualified status.

Petitioner argues that Mr. Van Roekel's compensation was his earned income as a self-employed person.  A sole proprietor, however, is considered to be his own employer.  See sec. 401(c)(4); sec. 1.401-10(e), Income Tax Regs.  Therefore, during fiscal 1994, 1995, and 1996, Mr. Van Roekel had one employer; i.e., himself.  Furthermore, only the income an employee earns from the employer sponsoring the plan may be taken into account for purposes of that employer's plan.  See sec. 415(c)(3)(A); sec. 1.401-10(b), Income Tax Regs.  If Mr. Van Roekel had sponsored his own retirement plan as a self-employed individual, then "participant's compensation" would have been his earned income.  Sec. 415(c)(3)(B).  Here, however, petitioner is Mr. Van Roekel's hirer, not his employer.  Accordingly, Mr. Van Roekel's earnings as an independent contractor are not "participant's compensation" with respect to petitioner's plan.

---

[7]We note that, in doing so, Mr. Van Roekel enjoyed the ability to deduct business expenses under sec. 62(a)(1), rather than under sec. 67(a), which imposes a 2-percent adjusted gross income limitation on Schedule A deductions.

Indeed, the Court has addressed this issue before.  See Roblene, Inc. v. Commissioner, T.C. Memo. 1999-161.  Most recently, the Court of Appeals for the Eighth Circuit, to which this case is appealable, see Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), upheld a decision of this Court excluding from "participant's compensation" the earnings of an independent contractor working for the taxpayer, Howard E. Clendenen, Inc. v. Commissioner, 207 F.3d 1071 (8th Cir. 2000), affg. T.C. Memo. 1998-318.  We follow that holding and conclude that the management fees paid to Mr. Van Roekel as an independent contractor are not included in "participant's compensation", and that, consequently, the annual additions allocated to Mr. Van Roekel's account for fiscal years 1994, 1995, and 1996 exceeded the section 415(c)(1) limits.  Petitioner failed to show that it took remedial action to correct the excess allocations to Mr. Van Roekel's account.  See Martin Fireproofing Profit Sharing Plan & Trust v. Commissioner, 92 T.C. 1173 (1989).  Accordingly, we hold that the plan is disqualified for fiscal years beginning after July 31, 1993.  Therefore, the trust is not tax exempt under section 501(a).

Decision will be entered

for respondent.