# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3922

_____

Beals Bros. Management Corp.,     *
                                     *

       Petitioner,                 *

                                       *   Appeal from the
       v.                       *   United States Tax Court.
                                       *

Commissioner of Internal Revenue,     *
                                       *

       Respondent.               *

_____

Submitted: June 10, 2002

Filed: August 27, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Petitioner Beals Brothers Management Corporation has funded an employee stock ownership plan ("ESOP") since its incorporation in 1987. In 1999, following a protracted administrative review, the Commissioner of Internal Revenue ruled that the ESOP was not a qualified retirement plan during the tax years in question because the plan failed to satisfy the minimum participation requirements of 26 U.S.C. § 401(a)(3). Petitioner then filed this declaratory judgment action challenging the Commissioner's determination. The Tax Court upheld the Commissioner. Petitioner appeals, arguing the Tax Court erred in refusing to aggregate petitioner's ESOP with an affiliate's ESOP for purposes of determining whether the requirements of

§ 401(a)(3) were satisfied. "We review de novo the Tax Court's legal conclusions, and for clear error its findings of fact." Howard E. Clendenen, Inc. v. Commissioner, 207 F.3d 1071, 1073 (8thCir. 2000). We affirm.

Petitioner was incorporated in 1987 to provide management and advisory services to Beals Brothers Manufacturing Company, an Iowa corporation that operates a sawmill and manufactures wood products. Petitioner has four employee-officers, all of whom are also officers and employees of Manufacturing. Since 1987, each company has maintained an ESOP. Petitioner's ESOP owns all of petitioner's common stock. During the years in question, petitioner received substantial fees from Manufacturing for its management services and used this income to make contributions or pay dividends to its ESOP in lieu of paying salaries to its four officers. At the same time, Manufacturing made virtually no contributions to its ESOP.[1] These disparities worked to the disadvantage of the full-time employees of Manufacturing who were not participants in petitioner's ESOP. Therein lies the crux of the Commissioner's concern.

Section 401(a)(3) of the Internal Revenue Code provides that, to qualify for the tax advantages in that Subpart of the Code, a trust forming part of an employer's stock bonus or profit-sharing plan must "satisf[y] the requirements of section 410 (relating to minimum participation standards)." The participation standards in § 410 are complex. At issue in this case is the core requirement that a qualifying plan must "benefit[] at least 70 percent of employees who are not highly compensated employees." § 410(b)(1)(A). Here, the four owners of Manufacturing formed petitioner, created a separate ESOP in which they were the only participants, and used the management fees that Manufacturing paid petitioner to fund its ESOP. That left

[1]For example, in the fiscal year ending June 30, 1988, petitioner paid $131,000 in dividends to its ESOP, which in turn distributed $9,500 to each of its four officer-participants. Meanwhile, Manufacturing made no contributions to its ESOP, and that plan's asset value decreased from $199,337 to $192, 541.

Manufacturing with virtually no funds to contribute to its own ESOP, which had a broader group of participants. The result seems contrary to the broad participation objective of the statute. But if the focus is only on petitioner's work force, all four employees participated in the ESOP, and the 70% test was satisfied.

However, as the Tax Court recognized, sections 414(b) and (m) of the Code close this apparent loophole by providing that all members of a controlled group of corporations must be treated as a single employer, and all employees of the members of an affiliated service group must be treated as employees of the same employer. Here, the Tax Court found that petitioner and Manufacturing were members of either a controlled group of corporations or an affiliated service group, and that less than 70% of the eligible employees of both companies were covered by petitioner's ESOP. Petitioner does not challenge these findings on appeal. The Tax Court concluded that, by counting all full-time employees in the combined work force as potential participants in petitioner's ESOP, the ESOP failed to meet the 70% minimum coverage requirements of § 410(b) and therefore failed to satisfy the minimum participation standards of § 401(a)(3). Petitioner does challenge that conclusion.

The issue petitioner presents on appeal arises because § 410(b)(6)(B) provides that, in certain circumstances, an employer may aggregate two or more trusts as part of one plan to determine whether the minimum coverage requirements of § 410(b) are met. Here, if the two ESOPs may be aggregated, petitioner easily meets the 70% minimum coverage requirement because all relevant employees of both companies were participants in one or both of the two ESOPs. The Tax Court acknowledged this aggregation principle "in passing" but concluded that "Petitioner has failed to produce credible evidence that [its] ESOP can be aggregated with [Manufacturing's] ESOP for this purpose." Petitioner argues it did produce such evidence.

The Treasury Regulations contain a specific provision limiting when ESOP plans may be aggregated for purposes of § 410(b)'s minimum coverage requirements:

Two or more ESOP's . . . may be considered together for purposes of applying . . . section 410(b) only if the proportion of qualifying employer securities to total plan assets is substantially the same for each ESOP and:

(i) The qualifying employer securities held by all ESOP's are all of the same class; or

(ii) The ratios of each class held to all such securities held is substantially the same for each plan.

26 C.F.R. § 54.4975-11(e)(2). To be entitled to aggregate under this regulation, petitioner must first prove that "the proportion of qualifying employer securities to total plan assets is substantially the same for each ESOP." But the record on appeal is devoid of evidence revealing the nature of the assets held by Manufacturing's ESOP. In the Tax Court, petitioner introduced no financial statement or annual report detailing the specific assets held by the ESOP for any of the tax years in question. Petitioner did offer a document described by its financial adviser as a stock certificate issued by Manufacturing to its ESOP. But the document was excluded for lack of foundation, and petitioner failed either to cure this evidentiary defect or to present other evidence of the assets held by this trust. On appeal, petitioner asks us to assume that the assets of Manufacturing's ESOP included non-voting common stock of Manufacturing. But petitioner refers us only to tax forms that did not purport to list the ESOP's specific assets. We agree with the Tax Court that there was a lack of proof on this issue that is fatal to petitioner's aggregation contention.

Moreover, Treas. Reg. § 54.4975-11(e) requires either that "[t]he qualifying employer securities held by all ESOP's are all of the same class," or that the ratio of each class held be substantially the same. In this case, we know that petitioner's ESOP held all of petitioner's common stock *and* purchased all of the voting common stock of Manufacturing from its four owners. Therefore, if we assume that Manufacturing's ESOP did own common stock of Manufacturing, it was non-voting

-4-

common.  In general, voting and non-voting common stock are different classes of shares.  See, e.g., 11 FLETCHER CYC. CORP. § 5086 (perm. ed. 1995 rev.); IOWA CODE ANN. § 490.601(3)(a).  Petitioner presented no evidence that would overcome this general principle and support a finding that the voting and non-voting common shares of Manufacturing are "all of the same class."  For this second reason, petitioner failed to prove that it is entitled to aggregate the two ESOPs for purposes of the minimum coverage requirements of § 410(b).

The judgment of the Tax Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.