T.C. Memo. 2003-32

UNITED STATES TAX COURT

HOWARD E. CLENDENEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

HOWARD E. CLENDENEN, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 18153-96, 18154-96.     Filed February 12, 2003.

<u>Paul F. Christoffers</u>, for petitioners.

<u>John Q. Walsh</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  These cases are before the Court on
respondent's motions for entry of decision under Rule 50.[1]

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect at all
relevant times.

Background

Petitioner Howard E. Clendenen, Inc. (the corporation), is a corporation with a mailing address in Des Moines, Iowa. On May 22, 1996, respondent sent the corporation a notice of deficiency determining the following deficiencies in the corporation's Federal income taxes:

| Tax Year Ended | Deficiency |
| --- | --- |
| 6/30/87 | $10,273 |
| 6/30/88 | 32,607 |
| 6/30/89 | 13,775 |

In this notice of deficiency, respondent determined that the corporation's employee stock ownership plan (the plan) was a nonqualified plan because it did not meet the requirements of section 401(a). On August 21, 1996, the corporation filed a petition with the Court alleging error in respondent's determination that the plan is nonqualified.

On May 22, 1996, respondent sent petitioner Howard E. Clendenen (Mr. Clendenen) a notice of deficiency determining deficiencies in his Federal income taxes, an addition to tax, and an accuracy-related penalty as follows:

| Tax Year | Deficiency | Addition to Tax Sec. 6653(a)(1) | Penalty Sec. 6662(a) |
| --- | --- | --- | --- |
| 1987 | $13,641 | — | — |
| 1988 | 34,071 | $1,704 | — |
| 1989 | 1,187 | — | $237 |

In this notice of deficiency, respondent based the determinations on the plan's being nonqualified. On August 21, 1996, Mr. Clendenen filed a petition with the Court in which Mr. Clendenen referred to the "erroneous allegation that said trust is not qualified."

On September 29, 1997, the parties in both cases each filed a joint motion for continuance. The parties sought a continuance in order to present the plan qualification issue to the Court in a declaratory judgment action, Howard E. Clendenen, Inc. v. Commissioner, docket No. 18155-96R, because the qualified status of the plan was the significant issue in these cases. On October 2, 1997, the Court granted these motions.

On February 13, 1998, the corporation and Mr. Clendenen each filed a Stipulation of Settled Issues. The corporation's stipulation of settled issues provided in part:

> 8. For the taxable year ended June 30, 1987, the parties agree that the issue designated "ESOP Contribution to Non-Qualified Plan" in the notice of deficiency is consequential to the issue of plan qualification in related docket 18155-96 "R".

> 9. For the taxable year ended June 30, 1988, the parties agree that the issue designated "Deductible Dividends to ESOP" in the notice of deficiency is consequential to the issue of plan qualification in related docket 18155-96 "R".

> 10. For the taxable year ended June 30, 1988, the parties agree that the issue designated "Non-Qualified Contribution - Allowed in Yr. included in 1040" in the notice of deficiency is consequential to the issue of plan qualification in related docket 18155-96 "R".

11.   For the taxable year ended June 30, 1989, the parties agree that the issues designated "ESOP Contribution to Non-Qualified Plan" and "Deductible Dividends to ESOP" in the notice of deficiency are consequential to the issue of plan qualification in related docket 18155-96 "R".

Respondent and the corporation signed this stipulation of settled issues.

Mr. Clendenen's stipulation of settled issues provided in part:

9.   For the taxable year 1987, the parties agree that the issue designated "Employer Contribution" and "Deferred Compensation" in the notice of deficiency are consequential to the issue of plan qualification in related docket 18155-96 "R".

10.   For the taxable year 1988, the parties agree that this stipulation resolves all issues in dispute.

11.   For the taxable year 1989, the parties agree that the remaining issue, designated "Employer Contribution" in the notice of deficiency is consequential to the issue of plan qualification in related docket 18155-96 "R".

Respondent and Mr. Clendenen signed this stipulation of settled issues.

On February 13, 1998, the corporation and Mr. Clendenen also each filed a Stipulation To Be Bound.  The corporation's stipulation to be bound stated that the only remaining issues in dispute relate to the plan qualification as asserted in paragraphs 4(a) and (b) in the petition.  Further, the corporation's stipulation to be bound provided in part:

2.   The adjustments in respondent's notice of deficiency relating to the issues or items asserted in paragraphs 4(a) and (b) of the petition, as specified in the preamble, shall be determined by the resolution of the qualified status of the Howard E. Clendenen, Inc., Employee

Stock Ownership Plan in Docket No. 18155-96 "R" (whether litigated or settled), with respect to the following taxpayer:
Name of Case: Howard E. Clendenen, Inc. v. Commissioner
Tax Court Docket No.: 18155-96 "R"
(hereinafter the CONTROLLING CASE).

3. The petitioner in this case is the same as the taxpayer in the CONTROLLING CASE.

Mr. Clendenen's stipulation to be bound provided that the only remaining issues in dispute involve the issues asserted in paragraph 4(a) of the petition that relate to the plan's qualification. Further, Mr. Clendenen's stipulation to be bound provided in part:

2. The adjustments in respondent's notice of deficiency relating to the issues or items asserted in paragraph 4(a) of the petition, as specified in the preamble, shall be determined by the resolution of the qualified status of the Howard E. Clendenen, Inc., Employee Stock Ownership Plan in Docket No. 18155-96 "R" (whether litigated or settled), with respect to the following taxpayer:
Name of Case: Howard E. Clendenen, Inc. v. Commissioner
Tax Court Docket No.: 18155-96 "R"
(hereinafter the CONTROLLING CASE).

3. All issues involving the above adjustments shall be resolved as if the petitioner in this case were the same as the taxpayer in the CONTROLLING CASE.

Both stipulations to be bound also provided:

4. A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. § 7481.

5. Upon entry of the decision in the CONTROLLING CASE, petitioner consents to the assessment and collection of the deficiencies attributable to the adjustments formulated by reference to the Tax Court's opinion, notwithstanding the restrictions under I.R.C. § 6213(a).

The parties agree to this STIPULATION TO BE BOUND.

Respondent and the corporation signed the corporation's stipulation to be bound, and respondent and Mr. Clendenen signed Mr. Clendenen's stipulation to be bound.

On September 3, 1998, the Court published its opinion, Howard E. Clendenen, Inc. v. Commissioner, T.C. Memo. 1998-318 (docket No. 18155-96R) (the declaratory judgment), affd. 207 F.3d 1071 (8th Cir. 2000). We held that the trust was not a qualified trust under section 401(a) beginning with the plan year 1986 because the annual additions exceeded the limitations of section 415(c) when we found that the elective deferrals were employer contributions and that those amounts and the amounts paid by the corporation to Mr. Clendenen as an independent contractor were not includable in compensation under section 415. We stated:

> the annual additions allocated to Mr. Clendenen during each of the plan years 1986, 1987, 1989, 1990, and 1991, exceed the section 415 limits. Petitioner has not argued or established that any corrective measures were taken to reduce these additions. See sec. 1.415-6(b)(6), Income Tax Regs.

The Court of Appeals for the Eighth Circuit affirmed our opinion. Howard E. Clendenen, Inc. v. Commissioner, 207 F.3d 1071 (8th Cir. 2000), affg. T.C. Memo. 1998-318.

On March 5, 2002, respondent filed a motion for entry of decision in each of these cases, moving that the Court enter a decision pursuant to the stipulations filed by the parties.[2]

---

[2] Respondent did not file a motion for entry of decision in
                                                    (continued...)

After concessions,[3] the issue for decision is how the stipulations of settled issues and the stipulations to be bound affected the corporation and Mr. Clendenen (collectively, petitioners).

Discussion

The parties dispute the effect of the stipulations. Respondent argues that the stipulations of settled issues and the

------

[2](...continued)
a related case, Howard E. Clendenen, Inc. Employee Stock Ownership Trust v. Commissioner, docket No. 18156-96. Respondent intends to file such motion for entry of decision after the resolution of the instant motions for entry of decision.

[3] For the corporation, the parties agreed: (1) The corporation's contribution limit shall be increased by $829 for the taxable year ended June 30, 1987; (2) the corporation's deductible interest expense shall be increased by $3,734 for the taxable year ended June 30, 1989; (3) the corporation is entitled to an additional deduction for employment taxes of $3,605 for the taxable year ended June 30, 1989; and (4) certain issues are computational in nature and determinable upon final resolution of all issues in dispute. Further, for the corporation, respondent conceded: (1) The increase to taxable income of $7,582 for "Imputed Interest Income" for the taxable year ended June 30, 1988; and (2) the increase to taxable income of $7,498 for "Imputed Interest Income" for the taxable year ended June 30, 1989.

Mr. Clendenen conceded: (1) Increases to taxable income of $11,088 for "Dividend Income - Imputed Interest" and $4,761 for "Interest Income" for 1988; (2) the adjustment of $2,873 for "Itemized Deductions" for 1988; and (3) increases to taxable income of $7,681 for "Dividend Income - Imputed Interest" and $3,605 for "Dividend Income - FICA Tax" for 1989. Respondent conceded for Mr. Clendenen: (1) The increase to taxable income of $92,712 for "Capital Gains and Losses" for 1988; (2) the addition to tax of $1,704 under sec. 6653(a)(1) for 1988; and (3) the addition to tax of $237 under sec. 6662(a) for 1989. Respondent and Mr. Clendenen agreed that this stipulation of settled issues resolved all issues in dispute for 1988.

stipulations to be bound are dispositive of all issues concerning the qualified status of the plan. Respondent contends that the parties "effectively agreed that the party that prevailed with respect to the issue of plan qualification in docket No. 18155-96R will also prevail in this case". Petitioners do not dispute that they are bound by the stipulations.[4] Instead, petitioners dispute the calculations that result from the declaratory judgment, arguing that while the plan was disqualified for the taxable year ended June 30, 1986, the plan was qualified for all years ending thereafter.

The stipulations of settled issues and the stipulations to be bound provide that all of the remaining issues in these cases shall be resolved on the same basis as those issues are finally resolved in the declaratory judgment. We concluded in the declaratory judgment, and the Court of Appeals for the Eighth Circuit affirmed, that the annual additions allocated to Mr. Clendenen during each of the plan years 1987 and 1989, the years in dispute in the instant case, exceeded the section 415 limits;

---

[4] Even if petitioners sought relief from the stipulations, they would not prevail because they have not shown that settlement was the result of mutual mistake or that manifest injustice will result if we enforce the stipulations. See Rule 91(e); Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321 (1988); Adams v. Commissioner, 85 T.C. 359, 375 (1985); Korangy v. Commissioner, T.C. Memo. 1989-2, affd. 893 F.2d 69 (4th Cir. 1990).

i.e., the plan is not qualified.  Sec. 415(a)(1)(B), (c)(1);
Howard E. Clendenen, Inc. v. Commissioner, T.C. Memo. 1998-318.

Further, when a plan is disqualified under section 415, the disqualification continues until remedial action is taken. Martin Fireproofing v. Commissioner, 92 T.C. 1173, 1188 (1989). Corrective action of the sort set forth in the regulations is a prerequisite to requalification of a plan following a violation of section 415.  Id. at 1184; Van Roekel Farms v. Commissioner, T.C. Memo. 2000-171.  As we stated in the declaratory judgment, the corporation had not argued or established that any corrective measures were taken, citing section 1.415-6(b)(6), Income Tax Regs.[5]  Howard E. Clendenen, Inc. v. Commissioner, supra.

Petitioners argue that Rev. Rul. 72-368, 1972-2 C.B. 220, and Rev. Rul. 73-79, 1973-1 C.B. 194, support their contention that disqualification in a prior year does not prevent the plan from being qualified in a future year when it meets the requirements of section 401(a).  We disagree.  In Martin Fireproofing, we stated that (1) Rev. Rul. 72-368, supra, predates section 415, which was enacted in 1974, and (2) Rev. Rul. 72-368, supra, does not require respondent to qualify a plan

---

[5]  Sec. 1.415-6(b)(6), Income Tax Regs., provides for retroactive relief when an excess allocation results from (1) forfeitures, (2) a "reasonable error in estimating" compensation, or (3) "other limited facts and circumstances" to be determined by respondent.  See Martin Fireproofing v. Commissioner, 92 T.C. 1173, 1182 (1989).

in the absence of corrective action.  <u>Martin Fireproofing v. Commissioner</u>, <u>supra</u> at 1188.  The second point is emphasized in Rev. Rul. 73-79 in which a plan requalified only after amendment of the plan and a reallocation of contributions made for the years of violation.  <u>Id.</u>

Petitioners also contend that <u>Zabolotny v. Commissioner</u>, 7 F.3d 774 (8th Cir. 1993), affg. and revg. 97 T.C. 385 (1991), is analogous to their situation and supports their argument.  We disagree.  First, <u>Zabolotny</u> involved a different section of the Code, section 4975.[6]  Second, section 4975 did not impose a requirement that a disqualified person must take affirmative action before a transaction may be "corrected".  <u>Id.</u> at 777.  In the instant case, the applicable regulations and caselaw require that corrective actions must be taken to requalify a plan that has violated section 415.  <u>Martin Fireproofing v. Commissioner</u>, <u>supra</u> at 1184; sec. 1.415-6(b)(6), Income Tax Regs.

Petitioners provided calculations to establish that the plan was qualified as of the taxable year ending June 30, 1987.  In their calculations, petitioners have ignored findings from the declaratory judgment; i.e., $30,000 treated as an employee

---

[6]  Sec. 4975 imposes excise taxes on persons who entered into "prohibitive transactions" with employee pension and benefit plans qualified under the Employment Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829.  <u>Zabolotny v. Commissioner</u>, 7 F.3d 774, 776 (8th Cir. 1993), affg. and revg. 97 T.C. 385 (1991).

contribution and $9,000 treated as an employer contribution for taxable year ended June 30, 1987.  The source of many of petitioners' calculations; i.e., figures for taxable years ended June 30, 1984 and 1985, is unclear, and such figures are not reflected in the instant records.  The declaratory judgment clearly examined the years at issue.  We do not question those calculations.  We therefore shall grant respondent's motions for entry of decision.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not herein discussed, we conclude them to be irrelevant or without merit.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.